**Harvey K. JACKSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20789.**

United States Court of Appeals
Fifth Circuit.

April 8, 1964.

Harold W. Ochsner, Ochsner, Nobles & Baughman, Amarillo, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., for appellee.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

* Of the Second Circuit, sitting by designation.

PER CURIAM.

Appellant was convicted of violating 18 U.S.C. § 111 [1] after a jury trial in the United States District Court for the Northern District of Texas. On this appeal, appellant contends that the Trial Court erred in (1) refusing to grant his motions for continuance, the first based upon inadequate time to prepare his defense and the second on the unavailability of two witnesses, and (2) failing to instruct the jury as requested.

Appellant was arrested and released on bond on May 15, 1963 and on June 1 was told that his case would be called for trial on June 24. However, appellant did not secure counsel until June 17. His motion for a continuance because of inadequate time to prepare his defense was made on June 20. The trial actually began on June 27. Appellant's motion for continuance due to the temporary unavailability of two witnesses, filed on June 25, did not set out the details of the testimony anticipated but merely stated in conclusory terms that such testimony would be material and not cumulative.

 The granting of a continuance rests "within the sound discretion of the trial judge and will not be disturbed unless a clear abuse of discretion exists." Torres v. United States, 270 F.2d 252, 255 (9th Cir. 1959), cert. denied, 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960); see United States v. Bentvena, 319 F.2d 916, 934 (2d Cir. 1963), cert. denied, [Ormento v. U. S., Di Pietro v. U. S., Fernandez v. U. S., Panico v. U. S., 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271; Galante v. U. S., 375 U.S. 940, 84 S.Ct. 346, 11 L.Ed.2d 271; Loicano v. U. S., 375 U.S. 940, 84 S.Ct. 353, 11 L.Ed.2d 272; Mancino v. U. S., 375 U.S. 940, 84 S.Ct. 354, 11 L.Ed.2d 272; Sciremmano v. U. S., 375 U.S. 940, 84 S.Ct. 355, 11 L.Ed.2d 272; Mirra v. U. S., 375 U.S. 940, 84 S.Ct. 360, 11 L.Ed.2d 272] and cases there cited. Under the circumstances disclosed in this record, the Trial Judge did not abuse his discretion in denying either motion.

 The Trial Court instructed the jury that as a matter of law appellant had no right to arrest the federal agents he was charged with assaulting, thus precluding jury consideration of appellant's principal defense. There was no evidence that the agents did any of the acts enumerated in Vernon's Ann.Texas Penal Code Art. 474,[2] on which appellant relies. See Heath v. Boyd, 141 Tex. 569, 175 S.W.2d 214, 216 (1943). The instruction as given was proper and appellant's contrary request correctly refused.

Affirmed.

---

1. 18 U.S.C. § 111 provides:
 "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
 "Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. Article 212 of the Texas Code, Crim.Proc. states:
 "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an *offense against the public peace.*'" (Emphasis added.)
 An "offense against the public peace" as here applicable is defined in Article 474 of the Texas Penal Code:
 "Whoever shall go into or near any public place, or into or near any private house, and shall use loud and vociferous, or obscene, vulgar or indecent language or swear or curse, or yell or shriek or expose his or her person to another person of the age of sixteen (16) years or over, or rudely display any pistol or deadly weapon, in a manner calculated to disturb the person or persons present at such place or house, shall be punished by a fine not exceeding Two Hundred Dollars ($200.00)."