James R. CASH, Appellant,

v.

J. C. MURPHY, Appellee.

No. 21205.

United States Court of Appeals Fifth Circuit.

Dec. 11, 1964.

John Kaplan, Berkeley, Cal., Charles Marcus, Dallas, Tex., Mary Neal Sisk, Dallas, Tex., Robert N. Benson, Irving, Tex., on the brief, for appellant.

L. E. Elliott, Brundidge, Fountain, Elliott & Churchill, Dallas, Tex., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

The sole issue upon this appeal is whether the district court abused its discretion either in denying a motion for a continuance and putting defendant's counsel to trial in the absence of the defendant, or in denying defendant's motion for new trial.

The action was brought on March 9, 1963, by the appellee Murphy, a resident of Louisiana, against the appellant Cash, a resident of Texas, on two promissory notes of the aggregate face value of $12,000. The defendant in his answer admitted the execution of the notes and pleaded accord and satisfaction by reason of the assignment to the plaintiff of 182 shares of Baker Village, Inc., a Louisiana corporation. A pretrial order was entered on July 11, 1963, that "the only issue for trial is whether or not the stock was accepted in full payment of the notes." According to Cash's affidavit in support of his motion for new trial, he was informed by his attorney on October 3, 1963 that the case was the fourth case on the docket and would not be reached until approximately Wednesday, October 9, 1963, and that the attorney would advise him more definitely on Monday, October 7. Cash was then in New York City. On Monday, October 7, his attorney informed him that the case would be tried on Wednesday morning, October 9, at 9 o'clock a. m. Cash claims that on October 8 he became ill with a virus, was too ill to travel, but did not get a doctor. He remained in New York, ill and confined to his bed, until October 10. Just before the trial, Cash's attorney received a telephone call telling him that Cash had become ill the day before in New York City and was not in condition to travel. He moved for a continuance but his motion was denied. Subsequently, he received a telegram substantially to the same effect from a Mr. Morris, business associate of Cash, which he delivered to the Judge. The Judge did not change the order denying the continuance. One adverse witness was introduced on behalf of Cash, and his attorney cross-examined the plaintiff. The jury returned a special verdict that Murphy did not accept the stock in full payment of the notes and, accordingly, judgment was entered against Cash for $14,880.25. There was a motion to vacate the judgment and for a new trial supported by affidavits of Morris and of Cash. We do not find in the record the judgment or order denying the motion for a new trial, but it was denied, according to the notice of appeal.

■■ Until the morning of the argument on appeal, there had never been any showing as to what the testimony of Cash would be or would have been if he had been present. At that late date, able counsel for Cash, not theretofore connected with the case, recognized the deficiency and offered another affidavit of Cash [1] to which the appellee Murphy objected. This Court accepted the affidavit subject to a later ruling on Murphy's objection. The general rule is that additional proof cannot be supplied in the appellate court.[2] There is no excuse for the failure to offer this proof in time for its consideration by the district court. The objection of the appellee Murphy to Cash's affidavit offered on appeal is therefore sustained.

■ In the absence of any showing as to what the testimony of Cash would be, it is clear that the district court did not abuse its discretion in denying the motion for continuance,[3] or in denying the motion for new trial. The judgment is therefore

Affirmed.

---

1. In part the affidavit states: "It is my recollection that I signed the stock certificate on the back in blank. Mr. Murphy and I agreed at that time that in the event I could not pay the notes on their due dates, that he would accept the stock in consideration of the value of said notes." Cash's recollection is materially refuted by the stock certificate in evidence which shows that Cash did *not* sign the assignment form on the back of the certificate.

2. Some exceptions have been recognized, such as, when permitted by rule or statute, or of circumstances occurring after the appeal which materially affect the rights involved, or of a matter of record or documentary evidence of a conclusive or incontrovertible nature, or to prevent manifest injustice. See 5 C.J.S. Appeal and Error §§ 1521–1523; 4A Id. §§ 1211–1216.

3. See cases collected in Jackson v. United States, 5 Cir. 1964, 330 F.2d 445, 446.