Charles Quinn **BLACKWELL**, **Jr.**,
Appellant,

v.

**UNITED STATES** of America,
Appellee (two cases).

Nos. 25522, 25523.

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1969.

Rehearings Denied Feb. 7, 1969.

G. Hughel Harrison, Lawrenceville, Ga., for appellant.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Middle Dist. of Georgia, for appellee.

Before BELL and COLEMAN, Circuit Judges, and HENDERSON, District Judge.

BELL, Circuit Judge:

Blackwell was convicted in No. 25,522 on five counts of an indictment. He was charged with a conspiracy in the first count based on violations of Title 18 U.S.C.A. §§ 1341 (mail fraud) and 1952 (traveling in interstate commerce to carry on the unlawful activity of arson). The other four counts were substantive counts charging violations of 18 U.S.C.A. §§ 1341 and 1952. The alleged criminal activities centered on his role as an insurance claim adjuster and the fact of having two houses burned in order to collect the proceeds from insurance theretofore obtained on the houses. In each case the fire loss was adjusted by Blackwell. The mails were used in the adjustment process. The arsonist traveled in interstate commerce in carrying out the scheme.

▆ Blackwell claims that the evidence was insufficient to support the guilty verdict. The testimony of his accomplices was more than enough to take the case to the jury and thus this assignment of error is without merit.

▆ He contends that the court committed error in removing a government witness from the stand without allowing cross-examination by his counsel. The testimony of this witness, covering several pages of the record, added nothing to the proof one way or the other. The court, having perceived this, stated that the witness " * * * might as well go down." Government counsel agreed and no objection whatever was interposed to the procedure by counsel for Blackwell. This occurrence was not plain error, if error at all, under the circumstances. The action of counsel in failing to cross-examine was nothing more than trial strategy and amounts to a waiver of the right. See Silva v. Klinger, 9 Cir., 1966, 355 F.2d 657; Wilson v. Gray, 9 Cir., 1965, 345 F.2d 282.

▆ The next assignment of error is based on exceptions to the charge. It was not error for the court to refer to two of the witnesses as accomplices. This was not an expression of an opinion by the court. They had testified to their part in the scheme. The scheme had been established. Taken in context, the statement was no more than a comment on the evidence and cast no shadow upon the presumptive innocence of Blackwell. See Dearinger v. United States, 9 Cir., 1965, 344 F.2d 309.

▆ The further contention that the court erred, on the basis of double jeopardy, in submitting all counts to the jury is also devoid of merit. Each count consisted of a separate crime.

There is one additional assignment of error in this case which relates to grand jury proceedings and is common to No. 25,523, also involving Blackwell as a defendant. Hence, this opinion includes both appeals and our discussion and conclusion regarding this assignment of error is dispositive in each case.

In No. 25,523, appellant was convicted on a one count indictment charging him, along with others, of using the mails to defraud an insurance company in violation of 18 U.S.C.A. § 1341. Here the scheme was to collect automobile collision insurance proceeds on a false claim for damages. Again Blackwell was the adjuster and again he contends that the evidence was insufficient; again this assignment of error is without merit. The evidence against him was more than ample to make a jury question.

■ He moved for continuance at the call of the case for trial because of the absence of a witness. The witness was ill. There was no showing of diligence. See Parsons v. United States, 5 Cir., 1951, 189 F.2d 252. There was no showing that the witness could be present in the event of a continuance or that his testimony could be otherwise obtained. There was no proffer as to the testimony to be expected from the witness so as to establish its materiality. See Jackson v. United States, 5 Cir., 1964, 330 F.2d 445; Chastain v. United States, 5 Cir., 1943, 138 F.2d 413. The court did not err in denying the continuance.

The last assignment of error to be considered, common to both appeals, centers on the testimony of Blackwell and his co-defendant Young before the grand jury which later indicted them (No. 25,522),[1] and the production of certain records by them before the grand jury. They appeared before the grand jury under subpoena and were required by subpoena to produce documents and records.

The government contends that at the time they appeared, the grand jury was investigating the conduct of the two arsonists and not their conduct. Blackwell was advised by the United States Attorney at the time of his appearance of his Fifth Amendment right not to incriminate himself. Young was not so advised. Neither resisted the subpoena to appear or to produce. Neither refused to testify. Neither claimed the self-incrimination privilege.

Prior to arraignment, Blackwell vigorously asserted that the indictments in each case were due to be dismissed because of his nexus and that of co-defendant Young to the grand jury which later indicted him. In addition, there was a motion to suppress any evidence adduced by or through either before the grand jury. Parenthetically, we are not told just how the Young appearance connects with Blackwell.

■ The District Court conducted an extensive hearing on these motions and concluded that it would examine the grand jury proceedings, including the records and documents produced by Blackwell and Young, in camera in an effort to protect Blackwell from any prejudice that might stem from his grand jury appearance. This applied also in No. 25,523, as to Blackwell. This the court did and there is no contention that Blackwell was not fully protected from an evidentiary standpoint. We think that the procedure followed by the District Court was tantamount to granting the motion to suppress and therefore there was no error, if error it could have been, in overruling that motion.

The question remains whether the motion to dismiss the indictment should have been granted because of the grand jury appearances. This rests on the privilege against self-incrimination.

■ It seems clear that Blackwell was in no way prejudiced by the grand jury appearances. Although not directly in point, cf. Short v. United States, 9 Cir., 1959, 271 F.2d 73, on absence of prejudice. Here none of the grand jury evidence was used in the trial nor was there any indication that the testimony or records presented to the grand jury led to other evidence that was used. The court made certain of this by the in camera procedure which it adopted. See Chapman v. California, 1967, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 on harmless constitutional error. Thus this contention of error falls for lack of prejudice.

■ It also falls for another reason. The law is that a potential defendant may be subpoenaed to appear before a grand jury and subsequently indicted without violating the self-incrimination proscription of the Fifth Amendment if he testifies voluntarily as here. The privilege must be claimed. See Rogers v. United States, 1951, 340 U.S. 367, 371, 71 S.Ct. 438, 95 L.Ed. 344; United States v. Monia, 1943, 317 U.S. 424, 427, 63 S.Ct. 409, 87 L.Ed. 376; United

---

1. Mr. Young died pending appeal and his appeal was dismissed.

States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560.

The judgments are in all things affirmed.