**Henry HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 26140**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

July 2, 1969.

---

G. Hughel Harrison, Lawrenceville, Ga., J. Laddie Boatright, Douglas, Ga., Henry Hall pro se, for appellant.

Floyd M. Buford, U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

On April 3, 1968, appellant, Henry Hall, was found guilty on the first three counts of a six count indictment. Count one charged a conspiracy in violation of 18 U.S.C.A. § 371 (defrauding the United States), 18 U.S.C.A. § 1952 (travel in interstate commerce to carry on the unlawful activity of arson), 18 U.S.C.A. § 1341 (mail fraud), and 18 U.S.C.A. § 2 (aiding or abetting in the commission of an offense against the United States). The other two counts were substantive counts charging violations of 18 U.S.C.A. § 1952 and 18 U.S.C.A. § 2. These counts all related to appellant's role in an arson and insurance fraud scheme in which he assisted in the burning down of a house in Poulan, Georgia, in order to collect the insurance proceeds. One of appellant's co-conspirators had title to the house, another assisted him in its destruction, and yet a third was an insurance adjuster who facilitated the insurance recovery.

On this appeal,[1] Hall contends that it was error for the district court to deny his pretrial motion to dismiss the indictment. He claims that the indictment was unlawfully obtained because two of his co-conspirators, Blackwell and Young, were compelled by subpoena to appear before the grand jury for the purpose of producing documents and testimony that eventually led to his (Hall's) indictment. Hall argues that the use of such a compulsory procedure violated not only his co-conspirators' rights against self-incrimination, but his as well.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

■ As we understand Hall's argument, he must establish two coordinate propositions in order to prevail. He must show: 1) that the constitutional rights of his co-conspirators were in fact violated by their testimony before the grand jury, and 2) that assuming such violations, he now has standing to assert them in his own behalf even though he was not himself summoned to give testimony. Since we find that Hall can establish neither proposition, we conclude that the motion to dismiss was properly denied.

In Blackwell v. United States, 5 Cir. 1969, 405 F.2d 625, cert. denied, 1969, 395 U.S. 962, 89 S.Ct. 2104, 23 L.Ed.2d 747, this court had occasion to consider whether the constitutional rights of Hall's co-conspirators had been violated by their appearance before the grand jury. The defendant in *Blackwell* was the same Blackwell whose testimony led to Hall's indictment and whose rights are now so vigorously asserted. We held that Blackwell's appearance before the grand jury and the testimony and documents there offered did not violate his constitutional rights:

"The last assignment of error to be considered, common to both appeals, centers on the testimony of Blackwell and his co-defendant Young before the grand jury which later indicted them (No. 25,522) and the production of certain records by them before the grand jury. They appeared before the grand jury under subpoena and were required by subpoena to produce documents and records.

"The government contends that at the time they appeared, the grand jury was investigating the conduct of the two arsonists and not their conduct. Blackwell was advised by the United States Attorney at the time of his appearance of his Fifth Amendment right not to incriminate himself. Young was not so advised. Neither resisted the subpoena to appear or to produce. Neither refused to testify. Neither claimed the self-incrimination privilege. * * *

"The District Court conducted an extensive hearing on these motions and concluded that it would examine the grand jury proceedings, including the records and documents produced by Blackwell and Young, in camera in an effort to protect Blackwell from any prejudice that might stem from his grand jury appearance. This applied also in No. 25,523, as to Blackwell. This the court did and there is no contention that Blackwell was not fully protected from an evidentiary standpoint. We think that the procedure followed by the District Court was tantamount to granting the motion to suppress and therefore there was no error, if error it could have been, in overruling that motion.

"The question remains whether the motion to dismiss the indictment should have been granted because of the grand jury appearance. This rests on the privilege against self-incrimination.

"It seems clear that Blackwell was in no way prejudiced by the grand jury appearances. Although not directly in point, cf. Short v. United States, 9 Cir., 1959, 271 F.2d 73, on absence of prejudice. Here none of the grand jury evidence was used in the trial nor was there any indication that the testimony or records presented to the grand jury led to other evidence that was used. The court made certain of this by the in camera procedure which it adopted. See Chapman v. California, 1967, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 on harmless constitutional error. Thus this contention of error falls for lack of prejudice.

"It also falls for another reason. The law is that a potential defendant may be subpoenaed to appear before a grand jury and subsequently indicted without violating the self-incrimination proscription of the Fifth Amendment if he testifies voluntarily as here. The privilege must be claimed." 405 F.2d at 627.

Our decision in *Blackwell* is decisive of the issue now before us. If Blackwell's constitutional rights were not violated by his own testimony or by Young's then *a fortiori* neither were appellant's[2] Hall never appeared before the grand jury. He never gave testimony or produced documentary evidence that led to his indictment. All such evidence originated with his confederates. Consequently, Hall's motion to dismiss the indictment was premised entirely upon the false assumption that a wrong was done to his fellow conspirators. Clearly Hall's claim is without merit since, in the context of this case, his rights can rise no higher than those of his co-conspirators.

 Hall's claim also fails on the coordinate issue of standing. We find no authority that would permit him to assert in his own defense the denial of another's right against self-incrimination. Some constitutional rights are personal and may not be vicariously asserted. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Among these is the right against self-incrimination. Communist Party of United States v. S.A.C. Board, 1961, 367 U.S. 1, 107, 81 S.Ct. 1357, 6 L.Ed.2d 625; Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; McAlister v. Henkel, 1906, 201 U.S. 90, 91, 26 S.Ct. 385, 50 L.Ed. 671; Bowman v. United States, 9 Cir.1965, 350 F.2d 913, 915, cert. denied, 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212; United States v. Sobell, 2 Cir.1963, 314 F.2d 314, 323, cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077; Iva Ikuko Toguri D'Aquino v. United States, 9 Cir.1951, 192 F.2d 338, 373, cert. denied, 343 U.S. 935, 72 S.Ct. 772, 96 L. Ed. 1343; Sachs v. Government of Canal Zone, 5 Cir.1949, 176 F.2d 292, 296, cert. denied, 338 U.S. 858, 70 S.Ct. 100, 94 L. Ed. 525; United States v. Bonanno, S. D.N.Y. 1959, 178 F.Supp. 62, 68, fn. 13.

We have also considered Hall's claim that the evidence against him was insufficient to sustain a conviction. Taking a view of the evidence in a manner most favorable to the government as required by Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we find this claim without merit.

The judgment is affirmed.

---

2. Hall's motion to dismiss was considered by the district court at the same time that it considered similar motions by Black-

well and Young. Hall thus enjoyed the same protection afforded by the in camera inspection as did his co-conspirators.