Grace B. LEHMAN

v.

The UNITED STATES of America

v.

Julian Lehman SCHULTZ, Additional Defendant.

Civ. A. No. 40838.

United States District Court, E. D. Pennsylvania.

May 27, 1970.

———◆———

Robert H. Finkel, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Robert N. de Luca, Asst. U. S. Atty., Philadelphia, Pa., for United States of America.

Michael J. Perezous, Lancaster, Pa., for Julia Lehman Schultz.

## OPINION

KRAFT, District Judge.

Plaintiff's counsel has filed a motion for a new trial which, in effect, alleges that plaintiff was deprived of her day in court because her counsel was not given adequate time to notify plaintiff to be in court prior to the commencement of her trial. The real purpose of the motion, however, is to relieve counsel of the consequences of his own inattention.

In support of the motion, plaintiff and her counsel have filed affidavits averring that they were informed by the trial Judge's law clerk, on Friday, March 13, 1970, that plaintiff could remain at home in Lancaster, Pennsylvania on Monday, March 16, 1970, until she received a telephone communication from her counsel to come to Philadelphia for the trial;[1] that, since the travelling time necessarily involved would be one and a half to two hours, counsel assumed that he would receive at least two hours notice before the trial would begin.

In the latter part of January, 1970, notice was mailed to counsel that this case was among those specially listed for trial during the week of March 16, 1970. The trial list, so indicating, was published in the Legal Intelligencer at periodic intervals during the months of January and February and daily thereafter during the weeks of March 9 and 16, 1970.

On the afternoon of Friday, March 13, 1970, plaintiff's counsel telephoned the Trial Judge's chambers and was advised by the law clerk to the Trial Judge, that the instant case was next on the list for Monday, March 16, 1970. Counsel was informed by the law clerk to call again on Monday morning to ascertain the exact status of the preceding case, in which jury selection was scheduled to begin on Monday, at 10:00 A.M.

On Monday morning, plaintiff's counsel, in disregard of the admonition, failed to call or to cause an inquiry to be made on his behalf as to the status of the trial list, but went, instead to Camden, New Jersey, to attend a call of the list in the District Court for the District of New Jersey. He did not return to his office until he finished lunch at 1:25 P.M. and learned that a message had been received from the Court about 12:45 P.M. to appear for trial at 2:00 P.M.

Plaintiff's counsel appeared in Court at 2:00 P.M. and informed the trial Judge that he had telephoned his client in Lancaster at 1:45 P.M., but she was not at home. During a colloquy with the Court at *that* time, counsel made no pretense that he had been given assurance by our law clerk that he would have at least two hours notice to call his client to come from Lancaster to Philadelphia. (n. t. 2–5).

We reject as incredible, counsel's and his client's explanation for her failure timely to appear. To the contrary, we are persuaded that counsel, knowing that selection of a jury in the case immediately preceding his on the list was scheduled to begin at 10:00 A.M. on Monday, ignored the possibility of settlement in that case and elected to take the risk that his case might, in such event, be called for trial at any moment. The preceding case was

---

1. This allegation is expressly contradicted by the averments of an affidavit, filed by the law clerk at the Court's direction.

settled and he was, by his own choice, unprepared for that eventuality.

We think it most unreasonable, in this day of backlogs and trial court pressures, that plaintiff's counsel expect the Court to wait for two hours, until plaintiff arrived from Lancaster, Pa., because he or plaintiff believed she should not be required to be in court until counsel had notice that her case was reached and had an opportunity *then* to summon her by telephone from Lancaster. If litigants or counsel may thus impede or delay orderly trial processes trial judges may have more leisure, but the cases tried will indeed be fewer.

 When a case is listed for a definite trial date and plaintiff fails to appear, and counsel requests a continuance, it rests within the sound discretion of the trial court whether or not such a continuance should be granted. Duisberg v. Markham, 149 F.2d 812 (3 Cir. 1945); cert. denied 326 U.S. 759, 66 S. Ct. 98, 90 L.Ed. 456 (1945). It was incumbent upon the plaintiff or her counsel to establish that her absence was unavoidable and that there was no negligence on her part. Plaintiff's own affidavit sets forth that she did not remain at home on March 16, 1970, but was shopping at the grocery store when her counsel called.

In stark contrast, additional defendant's counsel arranged to have his client come from her home in Baltimore, Maryland to Philadelphia on Sunday, March 15, 1970, to be certain that she would be present for the trial on Monday, March 16, 1970.

We conclude that there is no merit in the plaintiff's motion and, accordingly, enter the following

### ORDER

Now, this 26th day of May, it is ordered that plaintiff's motion for a new trial is denied.