**Ondrey E. GASPAR, a minor by Frank S. Gaspar and Grace K. Gaspar, his guardians, et al.,**

v.

**M. Rafik KASSM**

v.

**Dennis L. SMETZER, Third Party Defendant.**

Civ. A. No. 69–1192.

United States District Court,
E. D. Pennsylvania.

June 19, 1973.

Roger N. Rosenberger, Alan D. Williams, Jr., Williams & Glantz, Quakertown, Pa., for plaintiffs.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for defendant.

Richard I. Moore, Durben & Moore, Morrisville, Pa., for third party defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is the defendant's motion for a new trial. The above captioned case is a civil suit to recover money damages for personal injuries sustained from an automobile accident which occurred on May 29, 1967. The plaintiff is a young man, who was a minor at the time of the accident and when this action was commenced, but who was over twenty-one years of age at the time of trial. He was a resident of Springtown, Bucks County, Pennsylvania, and attended Palisades High School which is located a short distance from his home. The accident in question occurred one week before the plaintiff's high school graduation, when he was a passenger in a car with four other high school students returning from school. The road upon which the plaintiff was

traveling was a hilly and curving two lane highway. The accident occurred on a one lane bridge located in a curve of the road.

The defendant, Muhammed Rafik Kassm, is a native of the Syrian Arab Republic, who, at the time of the accident, was employed as a teacher of accounting at Lafayette College. At the time of trial, the defendant was on the faculty of Rensselaer Polytechnic Institute in Troy, New York. When the accident occurred, the defendant was alone in his car, and he admits having lost his way.

The defendant approached the bridge on a down grade turning to the right. His visibility was partially obscured by rain. The defendant's vehicle collided with the third party defendant's vehicle left front to left front, and each driver maintained that he was on his own side of the road, and that the other driver was negligent. The plaintiff, seated in the front seat next to the driver, struck the windshield with his face and sustained facial lacerations which necessitated plastic surgery and left certain residual scarring.

This suit was brought by Ondrey Gaspar and his parents, Frank S. and Grace K. Gaspar, against the defendant Kassm, who in turn joined as a third party defendant, Dennis L. Smetzer, a classmate of the plaintiff and the driver of the car in which the plaintiff was a passenger.

By letter dated January 8, 1973, this Court notified all parties that the trial of this case was scheduled to begin on February 14, 1973. At the time of this letter, Mr. Kassm was visiting Damascus, Syria; however, he knew of the scheduling of this case before he left. See Notes of Testimony, page 5. It is the Court's understanding, that when this case appeared in the trial pool, the attorney for the defendant contacted my scheduling clerk and was advised that the case would be called for trial on February 14, 1973. This contact was made by telephone, and was made early enough to relay this information to the defendant. In any event, there is no dispute that the defendant was advised of the scheduling of this trial since December of 1972 or earlier. See Defendant's Motion for Continuance.

The trip to Syria was in the nature of a Christmas vacation, and the defendant was scheduled to resume his teaching duties at Rensselaer Polytechnic Institute on January 22, 1973. The defendant's return on January 22, 1973, would have allowed approximately three weeks for trial preparation. However, shortly after January 22, 1973, defendant's counsel attempted to contact his client and was advised by his client's employer, Rensselaer Polytechnic Institute, that Mr. Kassm had not returned from Syria because of illness. Defense counsel notified the other parties involved in this case by telephone, and he communicated with the Court by letter, requesting a postponement of the trial. Defense counsel subsequently filed a motion for continuance, a supplemental motion for continuance, and made an oral supplemental motion for continuance before the start of trial on February 14, 1973. All of these above motions were denied, and from those denials, defendant takes exception and requests a new trial.

Viewed from the perspective of this Court, which is the setting from which this Court must judge whether or not it abused its discretion in denying the motion for continuance, the following events took place:

1. Some time in December of 1972, defense counsel and the defendant were informed of the date this case would be called to trial.

2. By letter of January 8, 1973, this Court formally notified all parties of the February 14th listing.

3. By letter dated February 2, 1973, received in this office on February 5, 1973, this Court was informed that on February 1, 1973, defense counsel learned that his client, while on a visit to Syria, sustained a back injury and

would be delayed in returning to this Country. Defense counsel, therefore, requested a continuance of the trial.

4. By letter dated February 6, 1973, this Court denied the defendant's motion for a continuance.

5. On February 9, 1973, defense counsel filed a formal motion for continuance. Supporting this motion was a telegram from the defendant's wife consisting of four words: "Rafik is seriously ill."

6. On February 12, 1973, defense counsel filed a formal supplemental motion for continuance, in support of which he annexed a letter from the defendant's wife, bearing a Damascus, Syria postmark and stating:

"With reference to your wire which I received today, I would like to inform you that my husband's recovery from his illness is not completely determined yet. His doctor expect (sic) that he might be able to resume his normal activities within 3–6 months.

If I can be of any help, please just let me know.

Very truly yours,
Mrs. Rafik Kassm
(Acila Kassm)"

By order dated February 13, 1973, this Court denied the motion for continuance and the supplemental motion for continuance, and the case went to trial on February 14th in the absence of the defendant. In lieu of the defendant's testimony, defense counsel read to the jury a transcript of the defendant's deposition taken in a prior action involving the same accident. That action was an arbitration proceeding in Bucks County, in which Kassm was the plaintiff and Dennis L. Smetzer was the defendant. In the Bucks County arbitration, Mr. Kassm was represented by personal counsel, rather than counsel for his insurer who represented him in this action.

The trial resulted in a verdict of $52,259.40 in favor of the plaintiffs and against the defendant, and the jury also found in favor of the third party defendant Smetzer. The verdict was somewhat higher than the expectations of most observers; however, it was not so extraordinary as to warrant a new trial on the basis of excessiveness, and no allegation of excessiveness has been raised by the defendant in his motion for a new trial. The sole ground asserted by the defendant in his motion is the prejudice resulting from his absence at the trial, and the denial of his motions for continuance.

■ The decision whether or not to grant a motion for continuance sought on grounds of a party's unavailability for trial generally rests in the trial court's discretion. Among various factors which have been considered by both the trial courts and the appellate courts are the necessity of the party's attendance at the trial, the possibility of otherwise obtaining the benefit of the absent party's testimony, the general good faith and diligence of the party seeking the continuance, the fact that there have been prior continuances or delays in the case, the probability that the absent party will be available at some time in the future, the inconvenience or prejudice which might result to the moving party or to the party opposing the continuance, and the nature of what the party's testimony would be if he were present. 4 A.L.R.Fed. 929.

■■ There is no more necessity of the defendant in this action being present than there is of any litigant being present during the trial of a civil action. Presence of both parties to an action at the trial is certainly recommended and encouraged, but it is certainly not an absolute requirement in a civil action. Although the defendant alleges that there was a serious question of liability at issue, in reality the major issue in this action was the question of

damages. The defendant maintains that his presence was necessary for the resolution of this case, yet, the defendant relies upon nothing more than his joinder of the operator of the vehicle in which the plaintiff was riding. Other than this general allegation, the defendant made no attempt to show why his presence was required. Accordingly, since the defendant did not indicate the nature and extent of his proposed testimony, the denial of his motion for a continuance was not an abuse of discretion. Additionally, defense counsel never formally indicated to the Court that he ever intended to call the defendant to testify on his own behalf. Presumably then, defense counsel may very well have elected never to have placed the defendant on the witness stand.

Moreover, the Court and the jury did receive the benefit of the defendant's testimony during the trial. The deposition of the defendant, taken in a separate legal proceeding involving the same accident, was read into the record by defense counsel. Thus, as in Lewis v. Bartley, 300 F.2d 788 (6th Cir. 1962), defense counsel received even more than he was entitled to, since the deposition, accepted by the Court as the defendant's testimony, was not subject to cross-examination. Consequently, the plaintiff, and most particularly the third-party defendant, were the ones prejudiced by their inability to cross-examine the defendant. Furthermore, as in King v. United Ben. Fire Ins. Co., 377 F.2d 728 (10th Cir. 1967), cert. denied 389 U.S. 857, 88 S.Ct. 99, 19 L.Ed.2d 124, defense counsel at no time made any showing that the defendant would have testified on any facts beyond or different from those covered in the aforementioned deposition.

One of the most common and most widely upheld justifications for denial of a continuance is the failure of the moving party to act in good faith, or with due diligence. Speers Sand & Clay Works v. American Trust Co., 52 F.2d 831 (4th Cir. 1931), cert. denied 286 U.S. 548, 52 S.Ct. 500, 76 L.Ed. 1284; Bradshaw v. Scott, 7 App.D.C. 276 (1895). Although defense counsel cannot be faulted in this case, and indeed he must be commended for the diligence with which he sought a continuance once he learned of his client's unavailability, it is unquestionably true that the defendant has been neither timely nor completely open with the Court regarding his alleged illness. The defendant's wife notified the defendant's employer by telegram from Damascus, dated January 22, 1973, which coincidentally is the very date when the defendant was scheduled to resume his teaching duties at Rensselaer Polytechnic Institute in Troy, New York, that, "Rafik is seriously ill." No such communication was made to defense counsel. In his letter to this Court dated February 2, 1973, defense counsel indicated that he did not learn of his client's condition until February 1, 1973, ten days after the defendant's employer had been notified. Furthermore, some time between January 22, 1973 and February 9, 1973, the defendant's wife sent a letter to Rensselaer Polytechnic Institute stating that Kassm's return to the United States would be delayed due to his illness; however, the defendant's employer refused to make this letter available to the defendant's counsel.

It was not until defense counsel wired his client in Syria that Kassm communicated directly with his attorney. By letter dated February 4, 1973, received by defense counsel on February 10, 1973, the defendant's wife contacted her husband's attorney for the first time. Her letter did not mention the nature of her husband's illness, but only hinted at a possible recovery period of between 3–6 months. Finally, it was not until after the completion of this trial, and well after the denial of the defendant's request for a continuance, that the defendant, through his defense counsel, did submit a doctor's report, in Arabic, and a trans-

lation thereof into English, to this Court. This report indicated that the defendant was "suffering from a state of nervous breakdown."

Therefore, on the day of trial, the Court had the following information before it:

1. "I learned yesterday that my client, the defendant M. Rafik Kassm, while on a visit to Syria, sustained a back injury within the past two weeks and will be delayed returning to this Country." See letter from defense counsel to this Court dated February 2, 1973.

2. "Rafik is seriously ill." See telegram from Mrs. Kassm to Rensselaer Polytechnic Institute dated January 22, 1973.

3. "My husband's recovery from his illness is not completely determined yet. His doctor expect (sic) that he might be able to resume his normal activities within 3–6 months." See letter from Mrs. Kassm to defense counsel dated February 4, 1973.

4. "Rafik Kassm got nervous breakdown." See Mrs. Kassm's telegram to defense counsel dated February 10, 1973.

■ It is axiomatic that the validity of a trial court's decision, most particularly a decision on a matter overwhelmingly recognized to be within the purview of the trial judge's discretion, will only be reviewed on the basis of those facts which were before the Court for its consideration at that time. Accordingly, the denial of a continuance is justified solely upon the defendant's failure to provide adequate and timely notice of his illness to the Court.

Prior continuances or delays have traditionally been upheld as justifications for the denial of continuances. Druckman v. Forsyth Furniture Lines, Inc., 22 F.2d 59 (4th Cir. 1927) reh. den. 23 F. 2d 493; Ballard v. Nye, 18 F.2d 98 (5th Cir. 1927). As this Court said when we denied the defendant's oral supplemental motion in open court on the day of trial:

THE COURT: Let me say, Mr. Anderson, in speaking to that motion and that ruling, the reason simply is that this case is an aged case and really has been on the dockets much too long as it is now. Your client was on long advance notice as to the date of trial of this case.

MR. ANDERSON: That is true, sir.

THE COURT: And we only received notice of his inability to be present several days ago, as you well know, with a dearth of information bearing on the subject, which it seemed to the Court was not really appropriate for a matter of this consequence.

In other words, if he couldn't be here for some legitimate reason it seemed to me he should have enough interest in the case that he would have given us at least some reason why he couldn't be here.

Furthermore, his contacts in the States failed to furnish you or the Court with any reason. I am not in any sense criticizing counsel, but I am addressing this point to the conduct of your client, and for this reason, plus the fact that the Court understands that there is a record from an arbitration or from a deposition, I believe, which was used in connection with an arbitration proceeding in Bucks County which sets forth the position of your client in this matter, and the Court therefore is of the impression that this case should proceed as scheduled.

If it could not proceed today, incidentally, we are scheduled up throughout the balance of this spring into the summer and would not be able to hear this case until some time after the summer.

■ ▪ The probability of a moving party's availability for trial at some time in the future is a valid consideration in the

granting or denying of a continuance, most particularly where the continuance is requested on the grounds of a party's illness. Errion v. Connell, 236 F.2d 447 (9th Cir. 1956). As detailed above, the defendant was unable to give any reliable projection as to when he would be available for trial. The only evidence on this question is a letter by the defendant's wife to defense counsel stating that her husband *might* be able to "resume his normal activities within 3–6 months." (Emphasis added).

There is no indication that the absence of the defendant prejudiced his case. Admittedly, defense counsel may have been inconvenienced by his client's absence, but any such inconvenience was occasioned by Mr. Kassm's failure to keep his attorney appraised of his (Kassm's) condition. As mentioned above, defense counsel never asserted that the defendant would testify in his own behalf. Furthermore, the granting of a continuance would have seriously inconvenienced the plaintiff, who had arranged to have twelve witnesses and four expert witnesses available for the trial of this action. In addition, as alluded to previously, both plaintiff and the third party defendant may have suffered more potential prejudice as a result of the Court's ruling, since both of these parties were unable to cross-examine the defendant's testimony by deposition. Moreover, the plaintiff was unable to call the defendant as a hostile witness in establishing the plaintiff's case. The Court further notes that neither the plaintiff, nor the defendant, nor the third party defendant in this case listed M. Rafik Kassm as a witness in their respective pretrial memorandums. Rule 7(b) of the Local Rules of Civil Procedure provides that "Except for witnesses called on rebuttal or surrebuttal, a witness neither (1) named in any pretrial memorandum or supplements thereto of any party, nor (2) authorized by the court in order to prevent manifest injustice, may not testify at the trial if timely objection is made by opposing counsel." Therefore, even if the defendant had appeared, either the plaintiff or the third party defendant could have prevented him from testifying by interposing a timely objection in accordance with Local Rule 7(b).

Finally, defense counsel in applying for a continuance, made no attempt to show what his client's testimony would have been had the client been present. Absent supporting affidavits stating with particularity and detail the contents of the absent defendant's testimony, denials of continuances have been readily affirmed. King v. United Ben. Fire Ins. Co., supra; Cash v. Murphy, 339 F.2d 757 (5th Cir. 1964); Vevelstad v. Flynn, 230 F.2d 695, 16 Alaska 83 (9th Cir. 1956), cert. denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49. Before closing, there is one additional case worthy of note. In Lehman v. United States, 313 F.Supp. 249 (1970), this Court, speaking through the Honorable C. William Kraft, Jr., upheld the denial of a continuance in the matter where the plaintiff, having prior knowledge of the trial date, elected to leave her home, some two hours distant from the Court, on the day fixed for trial for the purpose of going shopping, and therefore, did not receive a call summoning her to appear in Court. Judge Kraft, noting that it was incumbent on the plaintiff or her counsel to establish that her absence was unavoidable, rejected the continuance, presumably on the grounds that the plaintiff, herself, was at fault in not scheduling her affairs in such a way as to be available when the case was called to trial. By way of analogy, in the instant case, we can say that the defendant herein was inherently at fault, when knowing of the impending trial date, he voluntarily hazarded a trip abroad, to a potentially explosive part of this globe, thereby exposing himself to any number of hazardous contingencies which might delay his return. If being absent from your home for two hours is grounds for

rejecting a motion for continuance, placing yourself half-way around the world, and a precipitous portion of that world to boot, is no less a valid reason for not granting a continuance. The motion for a continuance was framed in broad terms. As such, it lacked the specificity and detail required for its serious consideration by this Court. Accordingly, irrespective of the actual effect defendant's absence had upon the trial of this case, this Court need only consider the motion for continuance itself, and that motion, being deficient on its face, forecloses the defendant from obtaining a new trial. When a case is listed for a definite trial date, and the defendant fails to appear, and counsel requests a continuance, it rests within the sound discretion of the trial court whether or not such a continuance should be granted. Duisberg v. Markham, 149 F.2d 812 (3rd Cir. 1945); cert. denied 326 U.S. 759, 66 S.Ct. 98, 90 L.Ed. 456. It was incumbent upon the defendant and his counsel to establish that his absence was unavoidable and that there was no negligence on his part. In this case, armed with prior knowledge of the trial starting date, the defendant, nevertheless, chose to travel abroad, only to belatedly notify his counsel, less than two weeks prior to the scheduled trial date that he, the defendant, had allegedly become seriously ill while traveling abroad in Damascus, Syria, and that he, the defendant, would not be able to appear for trial.

On the day of trial, there was conflicting evidence as to what this alleged illness might be. Defense counsel thought his client had sustained a back injury. The telegram of January 22, 1973, was ambiguous. It simply said, "Rafik is seriously ill." The letter from defendant's wife, dated February 4, 1973, did not mention the cause of her husband's illness, but simply said, "My husband's recovery from his illness is not completely determined yet. His doctor expect (sic) that he might be able to resume his nor-

mal activities within 3–6 months." And finally, Mrs. Kassm's telegram of February 10, 1973, said "Rafik Kassm got nervous breakdown."

Back injury? Nervous breakdown? Seriously ill? Resume his normal activities within 3–6 months? This information was all too uncertain. It lacked specificity. It lacked details which could lend support to its reliability. Lack of details, lack of specifics, lack of reliability formed a combination which impelled this Court to arrive at the only decision possible under the circumstances then appearing, i. e. to deny the motion for continuance.

After a lengthy review of the events and information that were before the Court on February 14, 1973, and after careful and searching consideration, the Court is of the opinion that its decision to deny the continuance was justified, and the defendant's motion for a new trial will be denied.