**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**L. A. DOWDY, Defendant-Appellant.**

No. 73–1151

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

---

C. Michael Malski, Amory, Miss. (Court appointed), for defendant-appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Dowdy was convicted in a jury trial of bank robbery by force and intimidation in violation of 18 U.S.C.A. §§ 2, 2113(a), (d). In this appeal, Dowdy contends that the court below improperly denied the Fifth Amendment privilege against self-incrimination enjoyed by a prosecution witness by requiring the witness to testify at Dowdy's trial, and that Dowdy has standing to protest this alleged violation of the witness' constitutional right. We affirm.

In the course of Dowdy's trial, the prosecution called as a witness Herbert Freeman, who had earlier entered a guilty plea in connection with the same offenses charged against Dowdy. Following Freeman's damaging testimony on direct examination as to Dowdy's participation in the robbery, Dowdy objected that Freeman was being forced to testify, without advice of his retained counsel, in violation of the witness' Fifth Amendment rights. Holding that Freeman's guilty plea constituted a waiver of his testimonial privilege, the court overruled Dowdy's objection.

Even if Dowdy's argument with respect to Freeman's Fifth Amendment privilege were persuasive, the opportunity to urge his theory must be denied for lack of standing. Since he was not compelled to testify, Dowdy does not complain of violations of his own Fifth Amendment rights, but only of alleged infringements of the privilege enjoyed by another. As this court has previously held, one cannot assert in his own defense the denial of another's right against self-incrimination. "Some constitutional rights are personal and may not be vicariously asserted. Among these is the right against self-incrimination." Hall v. United States, 5 Cir. 1969, 413 F.2d 45, 48 (citations omitted). *See* Gissendanner v. Wainwright, 5 Cir. 1973, 482 F.2d 1293.

The district court properly overruled Dowdy's objection.

Affirmed.