367 So.2d 456 (1979)
Willie Marvin PARKER
v.
STATE of Mississippi.
No. 50928.
Supreme Court of Mississippi.
February 14, 1979.
Thomas L. Booker, Jr., Philadelphia, for appellant.
A.F. Summer, Atty. Gen., by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
ROBERTSON, Presiding Justice, for the Court:
Willie Marvin Parker was jointly indicted with Phillip Norris and Walter Stephens in the Circuit Court of Neshoba County for the crime of armed robbery. Parker and Norris were jointly tried and a verdict of "guilty as charged" was returned against each defendant.
Phillip Norris was sentenced to serve a term of 35 years in the state penitentiary, but Willie Marvin Parker was sentenced to serve a term of life imprisonment in the state penitentiary. The court orally stated that the reason for the more severe Parker sentence was that he had been convicted "on a previous occasion of a felony."
About 3:20 A.M., February 1, 1977, the Premier Service Station in Philadelphia, Mississippi, was robbed. Johnny Smith, a young employee, was sweeping the floor when two young black males entered the filling station. Both wore stocking masks over their heads. One pointed a brown-handled pistol at Smith, and told him to lie down on the floor. One of the robbers proceeded to take Smith's billfold and money from his pocket and over $1100 from a desk drawer.
Smith testified that the robber later identified as Parker was wearing a beige coat and a red bandana on his head. After robbing the service station, both fled the *457 scene and Smith reported the robbery to the city police.
On February 2, 1977, the police picked up four suspects, which included Parker, but Smith was unable to conclusively identify any of them as the robbers. On February 3, 1977, Parker and Norris were arrested and charged with armed robbery.
At the trial, Johnny Smith identified the beige coat as the one worn by Parker.
Marion Haynes testified that Parker and Norris were at his apartment on two occasions during the early morning hours of February 1st. The first visit was about 1:30 or 2:00 A.M. Then Parker and Norris left, and returned a second time around 4:30 A.M. During the second visit, Parker and Norris told Haynes that they had just held up the Premier Service Station. Parker had the gun used, which was a brown-handled 22-caliber pistol, on a 32-caliber frame. Haynes identified the pistol exhibited to him as the one he'd seen on Parker. Haynes further testified that both Parker and Norris had stockings in their hands and a large quantity of money. Both went into Haynes' bedroom and divided the money between them. Haynes identified the beige coat and red bandana as the ones worn by Parker on the second visit to his apartment.
Mrs. Shirley Peyton and Marvin Norris, the sister and brother of Phillip Norris, testified that Parker and Norris were sleeping in the living room of Mrs. Peyton's apartment on the night of January 31st, 1977.
Mrs. Helen Norris, called as a witness by her son, Phillip Norris, identified the brown-handled pistol as her pistol, which she kept in the pocket of her car at night. When the police were searching for the gun, Mrs. Norris sent another son down to her car to get the pistol.
Parker has assigned as error:
I. The verdict of the jury is against the overwhelming weight of the evidence, and judgment should be reversed and a new trial granted.
II. The court erred in overruling appellant's objection to rebuttal testimony of Officer Greg George as to prior inconsistent statements of Helen Norris and allowing the same into evidence.
III. The court erred in allowing Officer Greg George to testify to statements made by Phillip Norris which were inadmissible and allowed over objection.
IV. The court erred in sentencing the appellant to life imprisonment.
V. The court erred in overruling appellant's motion for a new trial.
We have carefully reviewed and studied the record and are of the opinion that from the evidence adduced the jury was justified in finding beyond a reasonable doubt that Parker was "guilty as charged".
The second assignment of error deals with the rebuttal testimony of Officer Greg George as to a remark that Mrs. Helen Norris had made when George went to her house to pick up the brown-handled pistol used by her son, Phillip, and Parker in the robbery. No specific objection was made to this testimony, and we have held many times that unless timely and specific objection is made that the objection is waived and may not be raised on appeal. Baker v. State, 327 So.2d 288 (Miss. 1976), Norman v. State, 302 So.2d 254 (Miss. 1974).
In assignment of error number 3, Parker complained that Officer George, in rebuttal, was allowed to testify that upon arrest Phillip Norris said that he had been at a party on the night of January 31, 1977, and then went home with Parker. This appears to be valid impeachment testimony. Also, this was not a confession by Norris, and Parker has no standing to complain as to what Norris said. The United States Court of Appeals for the Fifth Circuit, in United States v. Dowdy, 486 F.2d 1042 (5th Cir.1973), said:
"`Some constitutional rights are personal and may not be vicariously asserted. Among these is the right against self-incrimination.' Hall v. United States, 5 Cir.1969, 413 F.2d 45, 48 (citations omitted). See Gissendanner v. Wainwright, 5 *458 Cir.1973, 482 F.2d 1293." 486 F.2d at 1043.
The only assignment of error wherein there is merit is that "the court erred in sentencing the appellant to life imprisonment." Mississippi Code Annotated section 97-3-79 (Supp. 1978), provides:
"[U]pon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years."
In Lee v. State, 322 So.2d 751 (Miss. 1975), we construed this provision of the statute:
"The statute before us places the imposition of a life sentence within the sole province of the jury and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life. We therefore affirm and remand for proper sentence." 322 So.2d at 753.
We, therefore, affirm the conviction of Parker, but reverse as to the life sentence imposed, and remand to the trial court for the imposition of a proper sentence.
CONVICTION AFFIRMED, BUT REVERSED AND REMANDED FOR RESENTENCING.
PATTERSON, C.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
SMITH, P.J., took no part.