**UNITED STATES of America**

v.

**James L. McFILLIN.**

**Crim. No. K–79–0317.**

United States District Court, D. Maryland.

April 2, 1980.

---

Russell T. Baker, Jr., U. S. Atty., and Lynne A. Battaglia and Jane Wollner Moscowitz, Asst. U. S. Attys., Baltimore, Md., for United States of America.

Jack B. Rubin and Sally C. Chester, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

On December 17, 1979, defendant was convicted in a jury trial upon each of three counts of violating 18 U.S.C. § 844(i). That statute reads as follows:

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both; and if personal injury results shall be imprisoned for not more than twenty years or fined not more than $20,000, or both; and if death results shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in section 34 of this title.

The three counts charged (1) destruction of a truck involved in interstate commerce, (2) death of the driver of the same truck, (3) injury to a passenger in the same truck. The case is presently scheduled for sentencing later today.

The applicable maximum penalties under Counts 1 and 3 are agreed to by all counsel. However, the maximum penalty under Count 2 is in issue. The Government contends that the maximum sentence which may be imposed under Count 2 is life imprisonment; defendant contends that the maximum is "any term of years."

18 U.S.C. § 34, referred to in 18 U.S.C. § 844(i), provides:

Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject *also* to the death penalty *or* to imprisonment for life, *if the jury shall in its discretion so direct*, or, in the case of a plea of guilty, or a plea of not guilty where the defendant has waived a trial by jury, if the court in its discretion shall so order. [Emphases added.]

The Government concedes the inapplicability of the death penalty provision of section 844(i) in the wake of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and other decisions of the Supreme Court of the United States. But defendant did not waive at any time, and has not waived up to this moment, any right to have the jury consider any issue in

this case which the defendant had a right under law to have submitted to the jury. In this case, no sentencing issue was submitted to the jury. Indeed, the jury was expressly instructed that sentencing was totally without the province of the jury and within the province of the Court alone.

In advance of trial government counsel wrote to this Court with regard to the death penalty issue and specifically noted the agreement of the Government and defendant that the death penalty was inapplicable. In that said letter, government counsel noted that the Government and defendant also agreed that, in the opinion of the parties, the case remained a capital case, at least in terms of certain procedural requirements. In accordance with the agreement of the Government and defendant, this Court approved arrangements pursuant to which two attorneys were provided for defendant,[1] a list of witnesses and witnesses' addresses was furnished to defense counsel on a timely basis before the trial commenced,[2] and defendant was given the opportunity to have twenty peremptory challenges within the provisions of Federal Criminal Rule 24(b).[3] In view of that agreement between the Government and defendant, this Court was not called upon to make any determinations in connection with the applicability of 18 U.S.C. § 3005, 18 U.S.C. § 3432 or Federal Criminal Rule 24(b). However, there was no question raised, prior to trial, or indeed until after the jury returned its three guilty verdicts, in any document filed by either side in this case or in any discussion among Court and counsel, concerning whether or not, in the absence of referral to the jury and also in the absence of a waiver by defendant of his right to have such issue referred to the jury, a sentence of life imprisonment could be imposed.

The statutory language of sections 844(i) and 34 is free of ambiguity. Section 844(i) provides that "if death results" the maximum sentence is "any term of years, or * * * the death penalty or * * * life imprisonment as provided in section 34 * * *." Section 34 provides that where death is involved the defendant may be sentenced to life imprisonment or to death if the jury so directs, but otherwise may be sentenced only "to any term of years." The fact that the death penalty as provided in section 34 has been eliminated, in legal effect, as the result of certain opinions of the Supreme Court of the United States does not mean that the power to sentence a

---

1. 18 U.S.C. § 3005 provides in relevant part:
   Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried, or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire * * *.
   Until after the jury had returned its verdicts in this case, two counsel were assigned to represent defendant in this case under the Criminal Justice Act of 1964 as amended, 18 U.S.C. § 3006A, *et seq.* After trial and prior to sentencing, this Court was informed that members of the family of defendant had retained counsel to represent him for the purpose of sentencing and also for possible appeal purposes. There are two retained counsel of record in this case at this time.

2. 18 U.S.C. § 3432 reads as follows:
   A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness.
   Counsel for the Government stated in advance of trial that it would comply with this section of the law. A question did arise during trial as to whether the Government had, in fact, complied with those requirements. At that time this Court ruled that the Government had so done in the face of a challenge by defense counsel to the contrary.

3. That Rule states in relevant part:
   If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. * * *
   Defendant, given his choice in advance of trial of proceeding under the first or the second sentences of the above-quoted portion of Federal Criminal Rule 24(b), chose, with the advice of counsel and on the record, the latter.

defendant to life imprisonment has passed to the Court and has been taken away from the jury in a situation in which no issue of sentencing has been referred to the jury and in which defendant has not waived any of his rights to have all appropriate issues referred to the jury for determination, including the issue of whether life imprisonment should be imposed in the event of a guilty verdict for causing death. Only the death penalty is unconstitutional. If that penalty is "read out of" the combination of sections 844(i) and 34, the remaining portions of those statutes allow the Court to impose a sentence of "any term of years" and allow the jury, but not the Court, in the absence of waiver by defendant, to impose a life sentence.

■ In *United States v. Woods*, 484 F.2d 127 (4th Cir. 1973), *cert. denied*, 415 U.S. 979, 94 S.Ct. 1566, 39 L.Ed.2d 875 (1974), the defendant was sentenced under 18 U.S.C. § 1111(b), which reads in relevant part as follows:

> Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto "without capital punishment", in which event he shall be sentenced to imprisonment for life * * *.

Writing for a majority of the Fourth Circuit panel, Judge Winter affirmed the decision of this Court and held that the crime of first degree murder of which Mrs. Woods had been convicted carried with it a mandatory life sentence. Judge Winter (at 138) commented that since the decision in *Furman v. Georgia, supra*, "18 U.S.C. § 1111 * * * provides as the only possible sentence 'imprisonment for life.'" Judge Winter also noted that "the government did not ask for the death penalty in this case." The Government has at no time asked for the death penalty in the within case. Indeed, as indicated above, the Government conced-

ed before trial that the death penalty could not constitutionally be made applicable. In *Woods*, this Court excised only the death penalty portion of the sentencing statute. In the within case, this Court will do the same. Under the clear meaning of the words used in the combination of sections 844(i) and 34, the defendant may be sentenced by this Court only to "any term of years" and not to life imprisonment in the absence of a jury recommendation or a jury waiver by defendant.[4]

■ The Government argues that the result which this Court reaches herein defeats the intent of Congress in enacting sections 844(i) and 34. However, if Congress had wanted to give to the Court, without any reference to a jury, the sentencing options of death, life or any term of years, Congress could have done so. Instead, Congress provided by those two statutory provisions that the Court could itself sentence a defendant to "any term of years" but placed the possible imposition of sentences of death or of life imprisonment in the hands of the jury, at least in a case in which the trial is a jury one and in which the defendant waives none of his rights to have the jury consider all issues which are assigned by law for jury determination. In the within case, the elimination of the death penalty possibility does not confer upon the Court, as opposed to the jury, the right to impose a sentence of life imprisonment.

---

4. When the words of a statute are not ambiguous—and they are not in the least ambiguous herein—the " 'plain meaning' rule of statutory interpretation" is applicable. *See United States v. Denson*, 588 F.2d 1112, 1116–17 (5th Cir.), *reh. granted*, 593 F.2d 3 (5th Cir. 1979), and cases cited thereat.

For other cases dealing with construction of sentencing statutes, *cf. United States v. Hayes*, 589 F.2d 811, 825 (5th Cir.), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *White v. Gaffney*, 435 F.2d 1241, 1243 & n.1 (10th Cir. 1971).