UNITED STATES of America, Plaintiff,

v.

Raymond VINNIE, Defendant.

No. CR 87–227–S.

United States District Court,
D. Massachusetts.

Jan. 6, 1988.

**286**

Victor A. Wild, Asst. U.S. Atty., Boston, Mass., for plaintiff.

George F. Gormley, Gormley & Keefe, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS

SKINNER, District Judge.

Defendant in this action has moved to suppress evidence seized pursuant to a search warrant issued on February 6, 1987 by a United States magistrate. He argues that the warrant failed adequately to particularize the items to be seized, and the magistrate lacked federal jurisdiction to issue the warrant. The government opposes defendant's motion.

On February 6, 1987, a warrant on written affidavit was issued by a federal magistrate authorizing the search of defendant's place of business. A special agent of the Bureau of Alcohol, Tobacco and Firearms submitted an affidavit to establish that there was probable cause to believe that a fire had occurred at defendant's residence, that defendant had started the fire, and that defendant had transported a significant amount of household belongings to his place of business three days before the fire destroyed his residence. The magistrate issued a warrant authorizing the seizure of:

Household furnishings that would normally be found in a residence and not in a printing facility, including but not limited to a bed frame, a bed headboard, matching couches and chairs, and tables, which is evidence of a violation of arson of an interstate facility, in violation of Title 18, United States Code, Section 844(i).

In the course of executing the warrant, federal agents discovered two firearms said to have been in plain view. The defendant was subsequently charged with a single count of Felon in Possession of Firearms, a violation of 18 U.S.C., App. II, § 1202(a). He has not as of this date been charged under any arson statute. Presently before me is defendant's motion to suppress the firearms.

Under the Fourth Amendment to the United States Constitution, a warrant can issue only upon probable cause. In this case, in order to obtain the warrant for defendant's place of business, the government alleged that there was probable cause to believe that defendant had violated 18 U.S.C. § 844(i):

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000 or both....

Defendant argues that the warrant was improperly issued because there was no evidence to establish that the property which was destroyed, defendant's residence, was property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." He contends that because this element was lacking, there was no probable cause to believe the statute had been violated, there was no federal jurisdiction, and the warrant was improperly issued.

The government says that the warrant application established the requisite interstate nexus to confer federal jurisdiction. It claims that the house which was burned

was owned by Dunn Donnelly Publishing Corporation, an out-of-state corporation. Pursuant to a sheriff's sale on execution of a judgment issued against the defendant in 1983, Dunn Donnelly purchased the house for approximately $4,835.00. The government says that this judgment represented money due the corporation by the defendant, arising from prior interstate business transactions. It argues that the interstate commerce requirement has been fulfilled because the house was "used" as payment of a debt arising from these transactions.

This stretches the language of the statute too far. The federal arson statute was designed to apply to commercial or business property. *See Russell v. United States,* 471 U.S. 858, 860, 105 S.Ct. 2455, 2456–57, 85 L.Ed.2d 829 (1985); *United States v. Hansen,* 755 F.2d 629, 630 (8th Cir.), *cert. den'd,* 474 U.S. 834, 106 S.Ct. 105, 88 L.Ed.2d 85 (1985); *United States v. Giordano,* 693 F.2d 245, 249 (2d Cir.1982); *United States v. Andrini,* 685 F.2d 1094, 1095–96 (9th Cir.1982). It is to be read broadly, but always with this purpose in mind. *Russell v. United States,* 471 U.S. at 861, 105 S.Ct. at 2457 ("this is a very broad provision covering substantially all business property," *quoting* H.R.Rep. No. 91–1549, pp. 69–70 (1970)), U.S.Code Cong. & Admin.News 1970, pp. 4007, 4046. In order to fulfill the statutory requirement, the government must show that the property was "used" in an "activity" that affects interstate commerce. *Russell v. United States,* 471 U.S. 858, 862, 105 S.Ct. 2455, 2457–58, 85 L.Ed.2d 829 (1985). It has made no such showing.

Words in a statute are to be given their ordinary meaning unless some special definition is attached. Use of real estate in ordinary parlance refers to the activity which is actually taking place on the premises. The property at issue was a single family home, used only as a residence. There is no evidence that any business was conducted on the premises. The fact that the property served as collateral on a debt does not indicate that it was "used" in an activity affecting interstate commerce. *Cf. U.S. v. Voss,* 787 F.2d 393, 397 (8th Cir. 1986) (coverage by out-of-state insurance company does not provide requisite nexus to interstate commerce); *U.S. v. Mennuti,* 639 F.2d 107, 110 (2d Cir.1981) (insufficient that purchase may have been financed by bank engaging in interstate commerce). The mere ownership of property by an out-of-state company is not sufficient to fulfill the statutory requirement. *See U.S. v. Voss,* 787 F.2d 393, 397 (8th Cir.), *cert. den'd,* — U.S. —, 107 S.Ct. 286, 93 L.Ed.2d 261 (1986).

In *Russell v. United States,* the Supreme Court examined the legislative history of 18 U.S.C. § 844(i) and found clear indications that Congress intended to protect business and commercial property, as well as institutions such as police stations and churches. It stated: "[T]he legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home." 471 U.S. at 862. On the issue of private residences, it quoted the words of Representative Cellar: " 'the mere bombing of a private home even under this bill would not be covered because of the question whether the Congress would have the authority under the Constitution.' " 471 U.S. at 861–2, 105 S.Ct. at 2457. *See also U.S. v. Mennuti,* 639 F.2d at 111–112 (statute applies to business property, not dwellings).

To apply the federal statute to this case would require stretching its words beyond any reasonable interpretation, and contradicting legislative intent. Therefore, even if there were probable cause to believe that defendant maliciously burned his residence, there would not be probable cause to support a violation of 18 U.S.C. § 844(i), or any other federal statute.

Because there was no probable cause to believe that defendant violated a federal statute, the magistrate lacked jurisdiction to issue the search warrant. The resulting search was conducted in violation of the defendant's Fourth Amendment rights. Having made this determination, I must now consider whether the two firearms, which were obtained pursuant to an im-

properly issued warrant, must be suppressed.

The exclusionary rule, which proscribes the introduction of illegally seized evidence into a criminal proceeding, has evolved as a judicially created remedy designed to safeguard Fourth Amendment rights. *United States v. Calandra*, 414 U.S. 338, 354, 94 S.Ct. 613, 623, 38 L.Ed.2d 561 (1974). There are circumstances, however, where the exclusionary rule does not mandate the suppression of illegally seized evidence. The government makes two arguments to support its claim that the evidence in this case should not be suppressed.

■ First, the government argues that the case is governed by the principles articulated in *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). That case involved an arrest and search pursuant to an ordinance which was subsequently found to be unconstitutional. The Supreme Court ruled that because the arrest was valid when made, the search was valid and the evidence admissible. A primary motivation for the decision was a concern that police officers be able to enforce the law without having to assess personally the validity of statutes. *Michigan v. DeFillippo*, 443 U.S. at 38, 99 S.Ct. at 2632. The circumstances of this case are distinguishable. This case does not involve any statute or ordinance later declared unconstitutional. More fundamentally, the search that is challenged here was never valid, because the magistrate lacked jurisdiction to issue the search warrant. As a result, the Court's decision in *Michigan v. DeFillippo* does not apply.

■ The government also argues that the good faith exception announced by the Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) is applicable here. In *United States v. Leon*, the Court held that the Fourth Amendment exclusionary rule does not apply to evidence obtained by police officers who act in objectively reasonable reliance upon a search warrant issued by a neutral magistrate, when the warrant is ultimately found to be unsupported by probable cause. Because I find that the good faith exception established in *Leon* does not apply to this case, the evidence seized must be suppressed.

The question posed in *United States v. Leon* was:

> [W]hether the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate *but ultimately found to be unsupported by probable cause.*

*United States v. Leon*, 468 U.S. at 900, 104 S.Ct. at 3409 (emphasis added). The case contemplated two circumstances: one in which a warrant is issued and is subsequently found to be unsupported by probable cause, and the other in which a warrant is supported by probable cause, but is technically deficient.[1] *See United States v. Leon*, 468 U.S. at 918, 922, 104 S.Ct. at 3418, 3420.

This case does not fall into either category. Lack of subject matter jurisdiction is qualitatively different: "[A]djudications on the merits go for naught where lack of federal jurisdiction is discovered...." 1 Moore's Federal Practice ¶ .60[4] (2d ed. 1986). The concerns motivating the *Leon* decision do not apply. The Court in *Leon* was guided by a recognition that "reasonable minds frequently may differ on the question of whether a particular affidavit establishes probable cause." *United States v. Leon*, 468 U.S. at 914, 104 S.Ct. at 3416. But this case does not involve the difficult determination of what quantum of evidence constitutes probable cause; it involves the more fundamental problem of a magistrate acting without subject matter jurisdiction. I am reluctant to extend the good faith exception established in *Leon* to this situation.

In *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the Supreme Court, while refusing to sup-

---

**1.** *Leon* was an example of the former situation; *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the companion case to *Leon*, was an example of the latter.

press illegally seized evidence, noted: "This is not an instance in which 'it is plainly evident that a magistrate or judge had no business issuing a warrant.'" *Massachusetts v. Sheppard,* 468 U.S. at 990, n. 7, 104 S.Ct. at 3429, n. 7. In so doing, it quoted the words of Justice White in his concurrence in *Illinois v. Gates,* 462 U.S. 213, 263–64, 103 S.Ct. 2317, 2346, 76 L.Ed. 2d 527 (1983): "I would apply the exclusionary rule when it is plainly evident that a magistrate or judge had no business issuing a warrant."

The magistrate in this case "had no business issuing a warrant"—he had no jurisdiction. Under these circumstances, the good faith exception established in *United States v. Leon* does not apply and the illegally seized evidence must be suppressed. Defendant's motion to suppress is ALLOWED.