322 So.2d 751 (1975)
Rhea LEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 48795.
Supreme Court of Mississippi.
December 8, 1975.
John C. Webb, Thomas R. Trout, Greenville, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, PATTERSON and SUGG, JJ.
PATTERSON, Justice:
Rhea Lee was indicted and convicted in the Circuit Court of Washington County of forcible rape. He was sentenced to life imprisonment in the state penitentiary, and now appeals. The contentions for reversal are:
(1) The defendant was entitled to be notified prior to trial by the indictment that *752 he would be required to defend a charge of rape of a mentally incompetent victim;
(2) The verdict of the jury was contrary to the law and evidence;
(3) The trial court erred in sentencing appellant to life imprisonment.
The appellant's first thesis for reversal is that the prosecuting attorney in his opening statement remarked that the victim was "mentally retarded" thereby lessening the quantum of evidence necessary to prove that force was used to commit the crime. He contends that once "mental retardation" was called to the jury's attention, it could reach a guilty verdict from testimony which showed inability to consent rather than by proof of force as charged in the indictment.
Forcible ravishment of a female without her consent and sexual intercourse with a female mentally incapable of giving consent because of tender years or mental incapacity are separate and distinct crimes. Wilson v. State, 221 So.2d 100 (Miss. 1969). The statutory crime of rape by force requires testimony that the victim resisted the rapist's advance with every resource reasonably available to her. Rogers v. State, 204 Miss. 891, 36 So.2d 155 (1948); Richardson v. State, 196 Miss. 560, 17 So.2d 799 (1944), and Anderson v. State, 82 Miss. 784, 35 So. 202 (1903). To the contrary, intercourse with a female unable to consent because of tender years or mental incapacity establishes the common law crime of rape, the essential element being the inability to consent rather than the requirement of force. Bonner v. State, 65 Miss. 293, 3 So. 663 (1888), noted this distinction, stating:
"... When the offense is charged to have been done forcibly and against the will, the principle that a child of tender years cannot consent, should not be invoked. If the offense is against a child under the age of 10 years, and it is desired to avoid the necessity of proving that it was committed forcibly and against her will, the indictment should be drawn so as to accomplish that end. To charge one with an act which is unlawful, because it is done with force and against the consent of another, and to convict him without proof of these essential elements of the crime, or to dispense with or supply such proof on such charge, on the theory that, if there was consent, the party had not capacity to give it, would be a proceeding wholly inconsistent with the justice and fair dealing which should and does characterize the administration of public law." (65 Miss. at 296, 3 So. at 664-65).
The phrase "mentally retarded" was first mentioned in the opening statement by the prosecution and was immediately objected to by defense counsel. The prosecuting attorney, in the absence of the jury, acknowledged his use of the term but added, "there has been no statement whatsoever of mental incompetency. There has been a statement of mental retardation. In my opening statement, I further intend to show that she went through the ninth grade in school, which would not show that she is mentally incompetent." The court overruled the objection reasoning that the victim's mental retardation was not of such degree as to affect her ability to give consent. We are of the opinion the objection was properly overruled; however, it does necessitate a close scrutiny of the record to determine whether the appellant was prejudiced by evidence directed to incapacity to consent rather than forcible rape as charged in the indictment.
A repetition of the sordid details revealed by this record would serve no useful purpose. The prosecutrix' testimony, corroborated by her mother and medical examination, proved beyond doubt that she had recently had intercourse. Her testimony was more than sufficient to establish that intercourse occurred without her consent and was perpetrated with force and threats sufficient to cause a reasonable *753 person to fear for her life since some of the threats were accompanied by the display of a deadly weapon. Moreover, there was ample evidence that the prosecutrix, though physically impaired, resisted to the utmost of her ability. Fields v. State, 293 So.2d 430 (Miss. 1974); Wilson v. State, 264 So.2d 828 (Miss. 1972). The conflict in the prosecutrix' testimony given at the preliminary hearing and that at the trial, not being of material significance, was properly resolved by the jury. Murphree v. State, 228 So.2d 599 (Miss. 1969).
Our review of the record does not reveal that the state relied upon or attempted to prove mental incapacity of the prosecutrix to give consent in order to establish the state's case. To the contrary, we find the state offered evidence of force, consistent with the indictment, to prove the crime charged. We conclude there was ample, competent evidence to support the jury's verdict. We, therefore, conclude the appellant's first two assignments of error are without merit.
The appellant next contends the sentence of life imprisonment by the court was beyond the limits of Mississippi Code Annotated section 97-3-65 (Supp. 1974). With regard to punishment it states:
"... upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine."
With this contention we agree. The jury returned a verdict of guilty. It did not fix the penalty at life imprisonment in the penitentiary thereby, in accord with the statute, leaving the question of sentence within the court's discretion. The issue presented is whether a trial judge under this section may impose a sentence of life when the jury has "failed" to do so. We think not. In Bullock v. Harpole, 233 Miss. 486, 102 So.2d 687 (1958), we had this to say concerning a similar statute:
"It can be readily seen, as stated in the Dickerson case, supra [Dickerson v. State, 202 Miss. 804, 32 So.2d 881], that the statutes place the death sentence within the sole province of the jury, and no such sentence can be imposed by any judge unless he has the authority of the jury therefor." (233 Miss. at 494, 102 So.2d at 690.)
The statute before us places the imposition of a life sentence within the sole province of the jury and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life. We therefore affirm and remand for proper sentence.
Affirmed and remanded.
GILLESPIE, C.J., and INZER, SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.