ISHEE, J.,
dissenting:
• ¶ 18. With all due respect to the majority, I must dissent. The majority dismisses Lee v. State, 322 So.2d 751, 753 (Miss.1975), as “inapposite” to the case at hand. In so concluding, the majority finds that the distinction between Lee’s jury trial and Bester’s guilty plea renders Lee inapplicable to the case at hand. I disagree.
¶ 19. Lee is the benchmark case for the proposition that a defendant convicted of forcible rape can only be sentenced to life imprisonment by the authority of a jury. *581 Indeed, the statute under which Bester was convicted, and to which the supreme court refers in Lee — Mississippi Code Annotated section 97-3-65(2) — states that a person convicted of rape must be sentenced to “life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court ... may determine.” In Lee, the supreme court interpreted section 97-3-65(2) as follows:
The statute before us places the' imposition of a life sentence within the sole province of the jury and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that' the judge will sentence the defendant to a definite term reasonably expected to be less than life.
Lee, 322 So.2d at 753.
¶ 20. The supreme court made no distinction between a jury trial and the entry of a guilty plea with regard to section 97-3-65(2). Instead, the court definitively, interpreted the applicable statute as mandating that a life sentence for the crime of forcible rape lies within the sole province of the jury — not a trial judge. In the thirty-nine years since Lee was published, neither the supreme court nor this Court has ever held that the plain language of section 97-3-65(2) is only applicable in jury trials. Likewise, I can find no comments or notations that would indicate that the Legislature intended for section 97-3-65(2) to apply only in cases involving jury trials. Hence, I disagree with the majority’s finding that the absence of a jury trial negates the unambiguous language of section 97-3-65(2).
¶ 21. As such, I would assert that the trial judge was without authority to sentence Bester to life in prison and, thus, Bester received an illegal sentence. Accordingly, his case is excepted from the time and successive-writ bars. Therefore, I would reverse and remand his case for resentencing consistent with section 97-3-65(2) and Lee.
IRVING, P.J., BARNES AND JAMES, JJ., JOIN THIS OPINION.