**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2013-CT-00058-SCT**

*CHARLES BESTER*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

DATE OF JUDGMENT:                  09/26/2012
TRIAL JUDGE:                            HON. BILLY JOE LANDRUM
COURT FROM WHICH APPEALED:   JONES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         CHARLES BESTER (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                           BY: SCOTT STUART
NATURE OF THE CASE:                CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                           AFFIRMED - 04/14/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

      **EN BANC.**

      **LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Charles Bester pleaded guilty to forcible rape, and the trial judge sentenced him to life

imprisonment.  Bester petitioned for post-conviction relief (PCR), arguing that the forcible-

rape statute allows only a *jury* to impose a life sentence, and absent a recommendation from

a jury, a trial judge is powerless to impose such a sentence.  The trial court and the Court of

Appeals rejected this argument and denied Bester's PCR motion.  We agree with both courts

and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     The following facts are adopted from the Court of Appeals' decision:

> During the January 1992 Jones County term, a grand jury indicted Bester in cause number 7791 on two counts: Count I was the forcible rape of [name deleted] in violation of Mississippi Code annotated section 97-3-65 (Rev. 1985); Count II was the Robbery of [name deleted] in violation of Mississippi Code Annotated section 97-3-73 (1972).
>
> On August 31, 1992, and pursuant to a plea agreement, Bester pled guilty to both counts. According to the sentencing order filed the same day, the circuit court accepted Bester's pleas as "entered freely, voluntarily, and intelligently." The sentencing order also states: "The circuit court is further advised by Bester, Bester's counsel, and the State's attorneys that plea negotiations have been conducted and that the recommendation of the State is mutually acceptable to all parties." The circuit court accepted the State's recommendation that Bester be sentenced to life in the custody of the MDOC for the charge of rape and to seven years in the custody of the MDOC for the charge of robbery, with both sentences to run concurrently to each other. It was so ordered.
>
> On September 14, 2012, Bester filed a "motion to correct an illegal sentence,"[1] alleging that a life sentence for the crime of forcible rape must only be imposed by a jury. And because a jury did not impose his life sentence, he claimed he was "laboring under a sentence, of which the circuit judge had no authority to impose. Thus making his current sentence of life . . . an illegal sentence." Additionally, Bester claimed that because his sentence is illegal, he has presented an exception to the time-bar. Analyzing Bester's motion as a PCR motion, the circuit court summarily dismissed the motion as time-barred, and found "the merits of Bester's PCR motion entitled him to no relief and no hearing . . . ."

*Bester v. State*, 2014 WL 3720550, at *1 (Miss. Ct. App. July 29, 2014) (alterations omitted).

¶3.     The Court of Appeals rejected both of Bester's arguments and affirmed the trial court's judgment. We granted Bester's petition for certiorari. After reviewing Bester's *pro se* arguments, we invited the Appellate Practice Section of the Mississippi Bar to designate

---

[1]This was Bester's second PCR; he filed his first in 2006.

one or more of its members to brief several additional issues on Bester's behalf, as pro bono *amici curiae*. We have carefully reviewed the supplemental briefs filed by Bester, the State and the *amici curiae*, and we now affirm the judgments of the Court of Appeals and the trial court.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Twillie v. State*, 892 So. 2d 187, 189 (Miss. 2004) (citation omitted). But we review questions of law de novo. *Id.*

## DISCUSSION

¶5. The sole issue before us is whether the trial judge had the authority to sentence Bester to life imprisonment, absent a recommendation from the jury. We hold that he did.

¶6. Bester pleaded guilty and was sentenced under Mississippi Code Section 97-3-65(2)[2] which states, in pertinent part:

> [U]pon conviction, [the defendant] shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment *the court shall fix the penalty at imprisonment in the State Penitentiary for any term*[3] *as the court, in its discretion, may determine.*

---

[2]Presently, the forcible-rape statute is codified as Mississippi Code Section 97-3-65(4)(a) (Rev. 2014).

[3]We emphasize that our statute allows the court to fix the penalty of imprisonment "for any term," rather than for "a term of years" or "any term of years." And despite the protestations of the dissenters, we note that this Court and the Court of Appeals have used the phrase "term of life imprisonment" in at least 233 opinions.

3

(Emphasis added.)  The statute's plain language authorizes a trial judge to sentence a defendant to imprisonment "for *any term* as the court, in its discretion, may determine." Miss. Code Ann. § 97-3-65(4)(a) (Rev. 2014) (emphasis added).  "Any term" includes life imprisonment.  "Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, *subject only to statutory and constitutional limitations*." ***Jackson v. State***, 551 So. 2d 132, 149 (Miss. 1989) (emphasis added).  Bester's sentence violates neither.  And "[s]o long as these are not offended, we rarely interfere." ***Id.***  As such, Bester's sentence is not illegal.

¶7.     Bester argues, and we acknowledge, that this Court previously has interpreted this statute to prohibit a trial judge from sentencing a defendant to life imprisonment without a jury recommendation.[4]  We also are cognizant of the principle of *stare decisis*:  "[e]ven though this Court's previous interpretation of a statute was (in the current Court's view) erroneous, we must continue to apply the incorrect interpretation." ***Bell v. State***, 160 So. 3d 188, 195 (Miss. 2015).

¶8.     But "stare decisis is not an inexorable command." ***Payne v. Tennessee***, 501 U.S. 808, 828, 111 S. Ct. 2597, 115 L. Ed. 2d. 720 (1991).  And this Court has declined to continue applying an incorrect interpretation when we find that it is "'pernicious,' 'impractical,' or 'mischievous in . . . effect, and resulting in detriment to the public.'" ***Id.*** (citations omitted).  "'Pernicious' is defined as 'having a harmful effect, especially in a gradual or subtle way.'" ***Hye v. State***, 162 So. 3d 750, 765 n.6 (Miss. 2015) (Kitchens, J., dissenting).  We think it

---

[4]*See, e.g.*, ***Luckett v. State***, 582 So. 2d 428 (Miss. 1991); ***Friday v. State***, 462 So. 2d 336 (Miss. 1985); and ***Lee v. State***, 322 So. 2d 751 (Miss. 1975).

4

pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority by judicially amending Section 97-3-65(4)(a) and limiting a judge's sentencing authority as established by the Legislature.

¶9.     Sentencing is solely within the Legislature's purview, and for a conviction of forcible rape, the Legislature has chosen to give a trial judge the authority to sentence a defendant to *any term* he or she deems appropriate, if a jury fails to fix the term at life.  And in other contexts when the Legislature has chosen to restrict a trial judge's sentencing options to a term of years, it has clearly and specifically done so.  For example, the kidnapping statute contains almost identical language regarding the jury's "fixing" of the penalty and states that one convicted of kidnapping

> upon conviction, shall be imprisoned for life in the custody of the Department of Corrections *if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the custody of the Department of Corrections.*

Miss. Code Ann. § 97-3-53 (Rev. 2014) (emphasis added).  These minimum and maximum sentencing guidelines are noticeably absent from Section 97-3-65(4)(a).

¶10.    In short, we simply cannot continue to ignore the plain language of Section 97-3-65(4)(a).  The Legislature chose not to limit a trial judge's sentencing options, and today we return to a faithful application of Section 97-3-65(4)(a)'s plain language.  We do so because of our "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820 (Miss. 2006).  To

5

the extent that ***Luckett v. State***, ***Friday v. State***, and ***Lee v. State*** hold otherwise, they are hereby expressly overruled.

¶11.    As a final note, because Bester's sentence is not illegal, we agree with the Court of Appeals that Bester's motion is barred as a successive writ and is time-barred as well. ***Bester***, 2014 WL 3720550, at *4.  *See also* ***Rowland v. State***, 98 So. 3d 1032, 1035-36 (Miss. 2012).

## CONCLUSION

¶12.    The trial judge had statutory authority to sentence Bester to life imprisonment, absent a recommendation from the jury.  We therefore affirm the trial court's and the Court of Appeals' denial of his PCR motion.

¶13.    **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., COLEMAN AND BEAM, JJ., CONCUR.  KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KING, J.  KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KITCHENS, J.  MAXWELL, J., NOT PARTICIPATING.**

**KITCHENS, JUSTICE, DISSENTING:**

¶14.    I fully concur with the well-reasoned dissent authored by Justice King. Nevertheless, the gravity of the majority's decision today constrains me to write, inasmuch as Charles Bester was sentenced to, and is serving, an illegal sentence that the trial court lacked the authority to impose upon him. I, therefore, respectfully dissent.

¶15.    Mississippi Code Section 97-3-65(4)(a) (Rev. 2014) provides that:

> Every person who shall have forcible sexual intercourse with any person . . . upon conviction, shall be imprisoned for life in the State Penitentiary *if the*

> *jury by its verdict so prescribes*; and *in cases where the jury fails to fix the penalty at life imprisonment*, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

Miss. Code Ann. § 97-3-65(4)(a) (Rev. 2014) (emphasis added).

¶16.    Today's majority, which purportedly returns this Court's jurisprudence to a "plain language" interpretation of Section 97-3-65(4)(a), omits from consideration the clauses which qualify the trial court's discretion to fix the penalty "for any term." Here, no jury prescribed a sentence of life imprisonment for Bester. In truth, no jury prescribed, or failed to prescribe, *any* penalty, as Bester pled guilty to forcible rape. The statute's plain language predicates the trial court's consideration of a life sentence upon a jury's failure "to fix the penalty at life imprisonment." This Court specifically has held that "[a] defendant convicted under this statute may not be sentenced to life imprisonment unless the jury fixes the penalty at life imprisonment." ***Luckett v. State***, 582 So. 2d 428, 430 (Miss. 1991), *overruled on other grounds by **Rowland v. State***, 42 So. 3d 503 (Miss. 2010). The majority's statement that "[t]he Legislature chose not to limit a trial judge's sentencing options," is not a faithful representation of the totality of the statutory language, which explicitly limits the trial court's consideration of imprisonment "for any term" to "cases where the jury fails to fix the penalty at life imprisonment." Maj. Op. ¶10.  The trial court lacked authority to sentence Bester to imprisonment "for any term" because no jury had failed "to fix the penalty at life imprisonment." In fact, no jury had done or failed to do anything at all concerning Bester's sentence.

7

¶17.    Additionally, a life sentence is not a "term." A "term" has an easily defined beginning and ending. A life sentence has an indeterminate ending not capable of human calculation. Only God can tell how long a life sentence will be. It is not a term, for a term must terminate at some predetermined point in time. "The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a *definite* term *reasonably expected to be less than life*." ***Lee v. State***, 322 So. 2d 751, 753 (Miss. 1975) (emphasis added); ***Stewart v. State***, 372 So. 2d 257, 259 (Miss. 1979) (In context of armed-robbery statute, the sentencing authority of the trial judge limited to a "definite term reasonably expected to be less than life.") This Court consistently has distinguished "life imprisonment" from "term" for nearly forty years:

> The standard established in ***Stewart*** and ***Lee*** has been consistently applied for almost four decades to both armed-robbery and forcible-rape statutes. *See* ***Johnson v. State***, 29 So. 3d 738, 744 (Miss. 2009); ***Cannon v. State***, 919 So. 2d 913, 916 (Miss. 2005); ***Foley v. State***, 914 So. 2d 677, 692 (Miss. 2005); ***Cox v. State***, 793 So. 2d 591, 599 (Miss. 2001); ***Lawson v. State***, 748 So. 2d 96, 99 (Miss. 1999); ***Lindsay v. State***, 720 So. 2d 182, 185 (Miss. 1998); ***Kennedy v. State***, 626 So. 2d 103, 105 (Miss. 1993); ***Luckett v. State***, 582 So. 2d 428, 430 (Miss. 1991) (*overruled on other grounds*); ***Mitchell v. State***, 561 So. 2d 1037, 1038 (Miss. 1990); ***Erwin v. State***, 557 So. 2d 799, 801 (Miss. 1990); ***Evans v. State***, 547 So. 2d 38, 40 (Miss. 1989); ***Watkins v. State***, 500 So. 2d 462, 463 (Miss. 1987); ***Davis v. State***, 477 So. 2d 223, 224 (Miss. 1985); ***Cunningham v. State***, 467 So. 2d 902, 906 (Miss. 1985); ***Harper v. State***, 463 So. 2d 1036, 1041 (Miss. 1985); ***Friday v. State***, 462 So. 2d 336, 339 (Miss. 1985); ***Warren v. State***, 456 So. 2d 735, 738–39 (Miss. 1984); ***Ware v. State***, 410 So. 2d 1330, 1332 (Miss. 1982); ***Hickombottom v. State***, 409 So. 2d 1337, 1340 (Miss. 1982); ***Henderson v. State***, 402 So. 2d 325, 328 (Miss. 1981); ***Wilson v. State***, 390 So. 2d 575, 580 (Miss.1980); ***Parker v. State***, 367 So. 2d 456, 458 (Miss. 1979).

***Hampton v. State***, 148 So. 3d 992, 1010-11 (Miss. 2014) (Chandler, J., dissenting).

¶18.    Many federal courts take a similar approach:

Multiple circuits . . . consistently have concluded in various similar contexts that only a jury has the authority to impose a life sentence and that the judge can impose a sentence for a term of years less than life. *See United States v. Tocco*, 135 F.3d 116 (2d Cir.1998), *cert. denied*, 523 U.S. 1096, 118 S.Ct. 1581, 140 L. Ed. 2d 795 (1998); *United States v. Gullett*, 75 F.3d 941 (4th Cir.), *cert. denied*, 519 U.S. 847, 117 S. Ct. 134, 136 L. Ed. 2d 83 (1996); *United States v. Hansen*, 755 F.2d 629 (8th Cir.1985); *U.S. v. Grimes*, 142 F.3d 1342, 1352 (11th Cir.1998).

*Hampton*, 148 So. 3d at 1012 (Chandler, J., dissenting). *See U.S. v. Williams*, 775 F.2d 1295, 1299 (5th Cir. 1985) (Pursuant to the "clear meaning" of the federal statute fixing the punishment for malicious destruction of a building used in interstate commerce, "Williams may be sentenced by the district court only to 'any term of years' and not to life imprisonment in the absence of a jury recommendation . . . . To include life imprisonment within the phrase 'any term of years' is contrary to the unambiguous statutory language. Absent the recommendation of the jury, this sentence was improper and must be vacated and the cause remanded to the district court for resentencing.")

¶19.    In dispensing with four decades of this Court's interpretation of the phrase "for any term," the majority attempts to circumvent the doctrine of *stare decisis*: "[w]e think it pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority by judicially amending Section 97-3-65(4)(a) and limiting a judge's sentencing authority as established by the legislature." Maj. Op. ¶8. Again, the statute predicates the trial court's consideration of the sentence, which the statute limits to a "term," upon the jury's rejection of a life sentence. As troubled as this Court may be by the statute's perceived unconstitutional lenience in sentencing rapists and armed robbers, today the Court itself acts unconstitutionally by overruling an interpretation of the statute that has been as consistently

9

ratified by the legislature as it has been consistently applied by this Court. *See Caves v. Yarbrough*, 991 So. 2d 142, 153 (Miss. 2008).

¶20. I cannot sanction such a departure from decades of this Court's well-established jurisprudence and I join Justice King in repudiating the majority's decision.

**WALLER, C.J., AND KING, J., JOIN THIS OPINION.**

**KING, JUSTICE, DISSENTING:**

¶21. As is consistent with decades of this Court's precedent, I believe that the trial court was without authority to impose a life sentence in this case; therefore, I dissent. I also believe that the *sua sponte* manner in which the majority makes this significant change in the law is improper given that the State did not ask for nearly forty years of precedent to be overruled. Such action on the part of this Court is surely to be an unpleasant shock to the criminal defense bar of this state.[5]

¶22. The forcible rape statute states that persons convicted of forcible rape "shall be imprisoned for life in the State Penitentiary if the *jury by its verdict* so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine." Miss. Code Ann. § 97-3-65(4)(a) (Rev. 2014) (emphasis added). This Court has specifically held that a sentence of life imprisonment may be imposed only by a jury. *Lee v. State*, 322 So. 2d 751, 753 (Miss. 1975) (interpreting the forcible rape statute

---

[5]*See* M.R.A.P. 28(a), (c) ("No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified."). Given that the precedent at issue has been the law for nearly forty years, it can hardly be classified as "plain error" that this Court may "notice."

and holding that the statute "places the imposition of a life sentence within the *sole province* of the jury, and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do") (emphasis added) ("The *statute* presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life.") (emphasis added). This applies even in cases in which a defendant pleads guilty. *Luckett v. State*, 582 So. 2d 428 (Miss. 1991), *overruled on other grounds by Rowland v. State*, 42 So. 3d 503 (Miss. 2010) (analyzing the forcible rape statute in a case in which defendant entered a guilty plea and was sentenced to life imprisonment and finding that, because a jury did not fix the penalty at life imprisonment, "the judge must sentence the defendant to a definite term reasonably expected to be less than life"). Thus, the only sentence that a judge has the authority to impose for forcible rape is one of a term of years. More specifically, this Court's precedent makes clear that "any term" does *not* include life imprisonment; yet today the Court overrules that precedent, finding that "'[a]ny term' includes life imprisonment." Maj. Op. ¶ 6.

¶23.    In *Lee*, the Court examined the forcible rape statute, which provided, and to this day provides, that the defendant

> upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty in the state penitentiary for any term as the court, in its discretion, may determine.

*Lee*, 322 So. 2d at 753 (quoting Miss. Code Ann. § 97-3-65 (Supp. 1974)). The Court found that under Section 97-3-65, a trial judge may not impose a sentence of life when the jury has failed to do so. *Lee*, 322 So. 2d at 753. It held that

11

> The statute before us places the imposition of a life sentence within the sole province of the jury and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life.

*Id.*

¶24. The majority, however, believes that the "plain language" of the forcible rape statute mandates that "any term" includes life imprisonment. Maj. Op. ¶ 6. Yet, the plain language of the statute affirmatively states that a defendant "shall be imprisoned for life in the State Penitentiary *if the jury by its verdict so prescribes*." Miss. Code Ann. § 97-3-65(4)(a) (Rev. 2014) (emphasis added). First, to interpret "any term" that the court may prescribe as including "life," as the majority does, renders the distinction carefully placed in the statute by the Legislature utterly meaningless.[6] If the court may sentence a defendant to life imprisonment, why then, would it be necessary for the Legislature to specify that a jury must recommend life imprisonment in its verdict? Such a provision is not necessary if the court may also sentence the defendant to life. Second, the plain meaning of the terms used by the Legislature belies the majority's interpretation. "Life imprisonment" means "[c]onfinement of a person in prison for the remaining years of his or her natural life." *Life imprisonment*,

---

[6]In interpreting a similar statute, federal courts have held that only a jury may impose a life sentence. *See United States v. Gullett*, 75 F.3d 941, 950 (4th Cir. 1996) (the absence of a jury recommendation for a life sentence "disempowered the sentencing judge to choose between a life term and a term of years, so if he used a term of years to impose a life sentence he was evading a limitation on his authority" (quoting *United States v. Prevatte*, 66 F.3d 840, 843 (7th Cir. 1995) (Posner, J., concurring))); *United States v. Williams*, 775 F.2d 1295, 1299 (5th Cir. 1985); *United States v. Hansen*, 755 F.2d 629, 631 (8th Cir. 1985), *abrogated on other grounds by United States v. Boss*, 787 F.2d 393 (8th Cir. 1986).

Black's Law Dictionary (10th ed. 2014). Conversely, a "term" means "[a] fixed period of time." [7] *Term*, Black's Law Dictionary (10th ed. 2014). To clarify that definition, "fixed" means "not fluctuating or varying; definite" and "period" means "any specified division or portion of time." *Fixed*, Webster's Unabridged Dictionary 727, 1440 (2d ed. 2001). Thus, a "term" means a definite period of time, in the case of sentences, that usually means a period of months or years. The length of a person's natural life is not fixed or definite; it is an unknown, and not quantifiable. A term is quantifiable, and is fixed and definite. It is clear from the plain language of the statute that "any term" does not include "life imprisonment."

¶25. The majority attempts to bolster its argument by way of the kidnapping statute, arguing that "in other contexts when the Legislature has chosen to restrict a trial judge's sentencing options to a term of years, it has clearly and specifically done so," citing the kidnapping statute as capping the sentence that the court is allowed to fix at thirty years. Maj. Op. ¶ 9. Yet, by that same token, when the Legislature chooses to allow a trial judge to have the sentencing option of life imprisonment, it has done so clearly and unequivocally.

---

[7] The majority affirmatively states that "this Court and the Court of Appeals have used the phrase 'term of life imprisonment' in at least 233 opinions." Maj. Op. ¶ 6 n.3. While it is true that a Westlaw search in Mississippi law for "term of life imprisonment" yields 233 results (opinions and orders), in some of these results, the phrase is found *only* in the Westlaw synopsis or in quoting the trial court, defendant, or other cases, and thus is not really "used" by the Courts. And while the term may appear in some opinions in which it is used improperly, the improper use of the word does not change the proper usage of the word "term." Moreover, it is noteworthy that when discussing life sentences, this Court and the Court of Appeals appear to use the word "term" relatively rarely. A Westlaw search of "life imprisonment" yields 2,182 results, "life sentence" yields 1,121 results, "life in prison" yields 537 results, and "sentence of life" yields 1,355 results.

13

For example, another subsection *of the exact same statutory provision* providing for the sentences for statutory rape provides that

> Upon conviction for statutory rape, the defendant shall be sentenced as follows:
> . . .
> (c) If eighteen (18) years of age or older and convicted under subsection (1)(b) of this section, to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.

Miss. Code Ann. § 97-3-65(3)(c) (Rev. 2014). Thus, had the Legislature intended for a court to have the authority to sentence a defendant convicted of forcible rape to life, it could and would have simply so provided. Instead, it specifically provided that a jury must fix a life sentence, otherwise the judge must fix the sentence at a term of years.[8] Thus, *Lee* was clearly correctly decided and we should today follow its mandate that when a court, rather than a jury, fixes the sentence of a defendant under the forcible rape statute, the sentence must be "a definite term." *Lee*, 322 So. 2d at 753. To hold otherwise allows the sentencing judge to evade the clear, legislatively imposed limit on his authority.

¶26. However, even assuming the Court's interpretation in *Lee* of Section 97-3-65 was incorrect, we should still decline to overrule the Court's unanimous decision in *Lee*, a decision that has stood for almost forty years. The doctrine of *stare decisis* "proceeds from that first principle of justice, that, absent powerful countervailing considerations, like cases ought to be decided alike." *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 634 (Miss.

---

[8]Not only does the majority's holding contravene the statute itself, it contravenes the notion that "criminal statutes must be strictly construed in favor of the accused." *Lewis v. State*, 765 So. 2d 493, 499 (Miss. 2000). If there is any ambiguity in the statute, it should be resolved in Bester's favor.

14

1991).  It stands for the proposition "that long established legal interpretations ought not lightly be disturbed."  *Id.*

> The doctrine of *stare decisis* is the bedrock of our system of jurisprudence.  It has given direction and stability to the common law whose precepts constitute the larger part of the rules by which we live and are governed.  It demands definiteness in the law, and that its rules be consistent so that they may be known.  It has been said to be the most fundamental characteristic of the common law as distinguished from other systems.

*Id.* (quoting *Laurel Daily Leader, Inc. v. James*, 80 So. 2d 770, 780-81 (Miss. 1955) (Gillespie, J., Special Opinion)).  Because of the importance of s*tare decisis*, overturning settled caselaw requires more than a mere academic or historical demonstration of error.  *Molpus*, 578 So. 2d at 635.  In finding error, this Court must "look largely in the area of public or widespread disadvantage[,]" and will not overrule longstanding "precedent unless it is 'pernicious,' 'impracticable,' or is 'mischievous in its effect, and resulting in detriment to the public.'" *Id.* (internal citations omitted).  Thus, when a holding has produced "great and substantial harm," i.e., "over time the precedent has repeatedly had a substantial adverse or significantly harmful effect upon the people," overruling that precedent may be appropriate.  *Id.*  In this case, the majority has not described how *Lee* "has *repeatedly* had a *substantial* adverse or *significantly* harmful effect upon *the people*."  Its bare assertion that "[w]e think it pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority" does not describe how *Lee* has had an substantial adverse or significantly harmful effect upon the public.  Rather, such a cerebral justification would allow courts to disregard *stare decisis* whenever they merely disagreed with precedent.

¶27. Furthermore, weighty factors in a challenge to precedent are whether people have "justifiably placed their faith" in the prior precedent, and the fact that there exists a "the need to have [the] law settled so that [the people] may rely upon it." *Id.* at 637. "[P]ublic confidence in the law requires substantial stability in the face of" changes with the times and judicial personnel. *Id.* at 638. "Popular and professional confidence in the judiciary rests on the impersonality of decisions and their reasoned foundation, which in turn are built upon the respect accorded them by successor justices and by their staying power." *Id.* "Principled consistency and respect for precedent promote acceptance. They reflect a consensus about law. They contribute to the notion that law binds judges as well as litigants, and not just when we agree. Good judges know this and will change legal interpretations only for the most persuasive reasons." *Id.* at 638-39.

¶28. Moreover, since the decision in *Lee*, the Legislature has amended Section 97-3-65 five times. 1977 Miss. Laws Ch. 458, § 7; 1985 Miss. Laws Ch. 389, § 3; 1993 Miss. Laws Ch. 497, § 1; 1998 Miss. Laws Ch. 549, § 2; 2007 Miss. Laws Ch. 335, § 1. These amendments have included changes to both sentencing provisions in Section 97-3-65 and changes to the forcible rape subsection of the statute, illustrating the Legislature's willingness to change each if it felt it necessary.[9] None of the five amendments that have occurred in the nearly

---

[9]For example, the 1977 amendment changed the penalty for statutory rape from death to death or life imprisonment. *See* Miss. Code Ann. § 97-3-65(1) (Supp. 1974); 1977 Miss. Laws Ch. 458, § 7. The 1985 amendment raised the age of the victim for statutory rape, and thereby raised the age to which forcible rape applies, and it also eliminated the gender requirement, allowing victims to be male or female, thus changing the elements of the crime of forcible rape. *See* 1977 Miss. Laws Ch. 458, § 7; 1985 Miss. Laws Ch. 389, § 3. The 1998 amendment changed the entire statutory rape scheme, including sentencing. It also changed the elements of forcible rape, eliminating the age requirement, and changing the

16

forty years since ***Lee*** was decided has changed the sentence for forcible rape. When this Court finds that a statute was incorrectly interpreted in a previous case, it

> will nevertheless continue to apply the previous interpretation, pursuant to the doctrine of *stare decisis*, upon finding the Legislature amended or reenacted the statute without correcting the prior interpretation. In our view, such action on the part of the Legislature amounts to incorporation of our previous interpretation into the reenacted or amended statute. The Legislature is, of course, free to preclude our incorrect interpretation by specific provision, failing which, we must conclude that the legislative silence amounts to acquiescence. Stated another way, the incorrect interpretation becomes a correct interpretation because of the Legislature's tacit adoption of the prior interpretation into the amended or reenacted statute.

***Porter v. Porter***, 23 So. 3d 438, 448 (Miss. 2009) (quoting ***Caves v. Yarbrough***, 991 So. 2d 142, 153-54 (Miss. 2008)). The Legislature has tacitly adopted the interpretation in ***Lee*** not once, not twice, but five times, thus incorporating the interpretation into the statute.

> It would be a great evil if questions once settled on full argument and mature deliberation were subject to be reopened and decided differently upon every change in the members of this court, and consequent changes in the temper and mental organism of the judges. . . . It is safe . . . to say that the rule of *stare decisis*, so far as it relates to decisions of this court, should not be disregarded, except on the fullest conviction that the law has been settled wrong; and even then it is better to leave the correction to the legislature in all cases where a departure from it would have the effect to disturb vested rights . . . . In such cases, a departure from former rulings should never take place except upon the clearest necessity and the most assured conviction that the former ruling was erroneous.

***Lombard v. Lombard***, 57 Miss. 171 (1879).

¶29. Even if ***Lee*** was wrongly decided, which it was not, any alleged error was certainly not pernicious, impracticable, or mischievous in its effect. Nor has any alleged error cause

---

language of "ravish" and "carnal knowledge" to "forcible sexual intercourse" and "sexual intercourse not constituting forcible sexual intercourse or statutory rape." *See* 1993 Miss. Laws Ch. 497, § 1; 1998 Miss. Laws Ch. 549, § 2.

any harm or detriment to the public, much less any significant harm.  Furthermore, the bench, bar, and defendants have come to rely on the interpretation of Section 97-3-65(4)(a) as provided by *Lee*.  Lastly, the Legislature has tacitly adopted the interpretations in *Lee*, and thus they are incorporated into the statute.  For these reasons, *Lee* should not be disturbed even upon a finding of error in its interpretation of Section 97-3-65(4)(a).[10]

¶30.    Because the plain language of Section 97-3-65(4)(a) belies the majority's interpretation that "any term" includes "life imprisonment," because, to the extent the statute is ambiguous, it must be construed in favor of the defendant, and because, even if the interpretation in *Lee* is incorrect, the doctrine of *stare decisis* should apply in this case, I cannot join the majority's opinion, and therefore dissent.

**WALLER, C.J., AND KITCHENS, J., JOIN THIS OPINION.**

---

[10]I note that the majority does not bother to address the argument made by amicus that applying any new interpretation of the sentencing provision of the forcible rape statute would violate the prohibition against *ex post facto* law, notwithstanding the fact that the Court requested this briefing.