KING, Justice,
dissenting:
¶ 21. As is consistent with decades of this Court’s precedent, I believe that the trial court was without authority to impose a life sentence in this case; therefore, I dissent. I also believe that the sua sponte manner in which the majority makes this significant change in the law is improper given that the State did not ask for nearly forty years of precedent to be overruled. Such action- on the part of this Court is surely to be an unpleasant shock to the criminal defense bar of this state.[5]
¶22. The forcible rape statute states that persons convicted of forcible rape “shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.” Miss.Code Ann. § 97-3-65(4)(a) (Rev.2014) (emphasis added). This Court has specifically held that a sentence of life imprisonment may be imposed only by a jury. Lee v. State, 322 So.2d 751, 753 (Miss.1975) (interpreting the forcible rape statute and holding that the statute “places the imposition of a life sentence within the sole province of the jury, and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do”) (emphasis added) (“The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life.”) (emphasis added). This applies even in cases in which a defendant pleads guilty. Luckett v. State, 582 So.2d 428 (Miss.1991), overruled on other grounds by Rowland v. State, 42 So.3d 503 (Miss.2010) (analyzing the forcible rape statute in a case in which defendant entered a guilty plea and was sentenced to life imprisonment and finding that, because a jury did not fix the penalty at life imprisonment, “the judge must sentence the defendant to a definite term reasonably expected to be less than life”). *533 Thus, the only sentence that a judge has the authority to impose for forcible rape is one of a term of years.- More specifically, this Court’s precedent makes clear that “any term” does not include life imprisonment; yet today the Court overrules that precedent, finding that “ ‘[a]ny term’ includes life imprisonment.” Maj. Op. ¶ 6.
¶23. In Lee, the Court examined the forcible rape statute, which provided, and to this day provides, that .the defendant
upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty in the state penitentiary for any term as the court, in its discretion, may determine.
Lee, 322 So.2d at 753 (quoting Miss.Code Ann. § 97-3-65. (Supp.1974)). The Court found that under Section 97-3-65, a trial judge may not impose a sentence of life when the jury has failed to do so. Lee, 322 So.2d at 753. It held that
The statute before us places the imposition of a life sentence within the sole province of the jury and, in our opinion, ho such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life.

Id.

¶24. The majority, however, believes that the “plain language” of the forcible rape statute mandates that “any term” includes life imprisonment. Maj. Op. ¶ 6. Yet, the plain language of the statute affirmatively states that a defendant “shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes.” Miss.Code Ann. § 97-3-65(4)(a) (Rev.2014) (emphasis added). First, to interpret “any term” that the court may prescribe as including “life,” as the majority does, renders the distinction carefully placed in the statute by the Legislature utterly meaningless.[6] If the court .may sentence a defendant to life imprisonment, why then, would it be necessary for the Legislature to specify that a jury must recommend life imprisonment in its verdict? Such a provision is not-necessary if the court may also sentence the defendant to life. Second, the plain meaning of the terms used by the Legislature belies the majority’s interpretation. “Life imprisonment” means “[c]on-finement of a person in prison -for the remaining years of his or her natural life.” Life imprisonment, Black’s Law Dictionary (10th ed.2014). Conversely, a “term” means “[a] fixed period of time.”[7] Term, *534 Black’s Law Dictionary (10th ed.2014). To clarify that definition, “fixed” means “not fluctuating or varying; definite” and “period” means “any specified division or portion of time.” Fixed, Webster’s Unabridged Dictionary 727, 1440 (2d ed.2001). Thus, a “term” means a definite period of time, in the case of sentences, that usually means a period of months or years. The length of a person’s natural life is not fixed or definite; it is an unknown, and not quantifiable. A term is quantifiable, and is fixed and definite. It is clear from the plain language of the statute that “any term” does not include “life imprisonment.”
¶ 25. The majority attempts to bolster its argument by way of the kidnapping statute, arguing that “in other contexts when the Legislature has .chosen to restrict a trial judge’s sentencing options to a term of years, it has clearly and specifically done so,” citing the kidnapping statute as capping the sentence that the court is allowed to fix at thirty years. Maj. Op. ¶9. Yet, by that same-token, when the Legislature chooses to allow a trial judge to have the sentencing option of life imprisonment, it has done so clearly and unequivocably. For example, another subsection of the exact same statutory provision providing for the sentences for statutory rape provides that
Upon conviction for statutory rape, the defendant shall be sentenced as follows:
[[Image here]]
(c) If eighteen (18) years of age or older and convicted under subsection (l)(b) of this section, to imprisonment for life in the State. Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years. ■
Miss.Code Ann. § 97-3-65(3)(c) (Rev. 2014)'. Thus, had the Legislature intended for a court to have the authority to sentence a defendant convicted of forcible rape to life, it could and would have simply so provided. Instead; it specifically provided that a jury must fix a life sentence, otherwise the judge must fix the sentence at a term of years.[8] Thus, Lee was clearly correctly decided and we should today follow its mandate that when a court, rather than a jury, fixes the sentence of a defendant under the forcible rape statute, the sentence must be “a definite term.” Lee, 322 So.2d at 753. To hold otherwise allows the sentencing judge to evade the clear, legislatively imposed limit on his authority,
¶ 26. However, even assuming the Court’s interpretation in Lee of Section 97-3-65 was incorrect, we should still decline to overrule the Court’s unanimous decision in Lee, a decision that, has stood for almost forty years. The doctrine of stare decisis “proceeds from that first principle of justice, that, absent powerful countervailing considerations, like cases ought to be decided alike.” State ex rel. Moore v. Molpus, 578 So.2d 624, 634 (Miss.1991). It stands for the proposition “that *535 long established legal interpretations ought not lightly be disturbed.” Id.
The doctrine of stare decisis is the bedrock of our system of jurisprudence. It has given direction and stability to the common law whose precepts constitute the larger part of the rules by which we live and are governed. It demands definiteness in the law, and that its rules be consistent so that they may be known. It has been said to be the most fundamental characteristic of the common law as distinguished from other systems.
Id. (quoting Laurel Daily Leader, Inc. v. James, 224 Miss. 654, 80 So.2d 770, 780-81 (1955) (Gillespie, J., Special Opinion)). Because .of the importance of stare decisis, overturning settled caselaw requires more than a mere academic or historical demonstration of error. Molpus, 578 So.2d at 685. In finding error, this Court must “look largely in the area of public or widespread disadvantage^]” and will not overrule longstanding “precedent unless it is ‘pernicious,’ ‘impracticable,’ or is ‘mischievous in its effect, and resulting in detriment to the public.’ ” Id. (internal citations omitted). Thus, when a holding has produced “great and substantial harm,” i.e., “over time the precedent has repeatedly had a substantial adverse or significantly harmful effect upon the people,”, overruling that precedent may be appropriate. Id. In this case, the majority has not described how Lee “has repeatedly had a substantial adverse or significantly harmful effeet upon the people.” Its bare assertion that “[w]e think it pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority” does not describe how Lee has had an substantial adverse or significantly harmful effeet upon- the public. Rather, such.a cerebral justification would allow courts to disregard stare decisis whenever . they.. merely disagreed with precedent.
¶ 27. Furthermore, weighty factors in a challenge to precedent are whether,people have “justifiably placed their faith” in the prior precedent, and the fact that there exists a “the need to have [the] law settled so that [the people] may rely upon it.” Id. at 637. “[P]ublic confidence in- the law requires substantial stability in the face of’ changes with the times and judicial personnel. Id. at 638. “Popular and professional confidence in the judiciary rests on the impersonality of decisions .and their reasoned foundation, which in turn are built upon the respect accorded them by successor justices and- by their staying power.” Id. “Principled consistency and respect for precedent promote acceptance. They reflect a consensus about law. They contribute to the notion that law binds judges as well as litigants, and not just when we agree. Good judges know this and will change legal interpretations only for the most persuasive reasons.” Id. at 638-39.
- ¶ 28.- Moreover, since the decision in Lee, the Legislature has amended Section 97-3-65 five times. 1977 Miss.-Laws Ch. 458, § 7; 1985 Miss. Laws Ch. 389, § 3; 1993 Miss. Laws Ch. 497, §- 1; 1998 Miss. Laws Ch. 549, § 2; 2007 Miss. Laws.Ch. 335, § 1. These amendments have included changes to both sentencing provisions in Section 97-3-65 and changes to the forcible rape subsection of the statute, illustrating the Legislature’s willingness to change each if it felt it necessary.[9] None *536 of the five amendments that have occurred in the nearly forty years since Lee was decided has changed the sentence for forcible rape. When this Court finds that a statute was incorrectly interpreted in a previous case, it-
will nevertheless continue to apply the previous interpretation, pursuant to the doctrine of stare decisis, upon finding the Legislature amended or reenacted the statute without correcting the prior interpretation. In our view, such action on the part of the Legislature amounts to incorporation of our previous interpretation into the reenacted or amended statute. The Legislature is, of course, free to preclude our incorrect interpretation by specific provision, faffing which, we must conclude that the legislative silence amounts to acquiescence. Stated another way, the incorrect interpretation becomes a correct interpretation because of the Legislature’s tacit adoption of the prior interpretation into the amended or reenacted statute.
Porter v. Porter, 23 So.3d 438, 448 (Miss.2009) (quoting Caves v. Yarbrough, 991 So.2d 142, 153-54 (Miss.2008)). The Legislature has tacitly adopted the interpretation in Lee not once, not twice, but five times, thus incorporating the interpretation into the statute.
It would be a great evil if questions once settled on full argument and mature deliberation were subject to be reopened and decided differently upon every change in the members of this court, and consequent changes in the temper and mental organism of the judges.... It is safe .., to say that the rule of stare decisis, so far as it relates to decisions of this court, should not be disregarded, except on the fullest conviction that the law has been settled wrong; and even then it is better to leave the correction to the legislature in all cases where a departure from it would have the effect to disturb vested rights.... In such cases, a departure from former rulings should never take place except upon the clearest necessity and the most assured conviction that the former ruling was erroneous.
Lombard v. Lombard, 57 Miss. 171 (1879).
¶ 29. Even if Lee was wrongly decided, which it was not, any alleged error was certainly not pernicious, impracticable, or mischievous. in its effect. Nor has any alleged error cause any harm or detriment to the public, much less any significant harm. Furthermore, the bench, bar, and defendants have come to rely on the interpretation of Section 97-3-65(4)(a) as provided by Lee. Lastly, the Legislature has tacitly adopted the interpretations in Lee, and thus they are incorporated into the statute. For these reasons, Lee should not be disturbed even upon a finding of error in its interpretation of Section 97-3-65(4)(a).[10]
¶ 30. Because the plain language of Section 97-3-65(4)(a) belies the majority’s interpretation that “any term” includes *537 “life imprisonment,” because, to the extent the statute is ambiguous, it must be construed in favor of the defendant, and because, even if the interpretation in Lee is incorrect, the doctrine of stare decisis should apply in this case, I cannot join the majority’s opinion, and therefore dissent.
WALLER, C.J., AND KITCHENS, J., JOIN THIS OPINION.

. See M.R.A.P. 28(a), (c) ("No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.”). Given that the precedent at issue has been the law for nearly forty years, it can hardly be classified as "plain error” that this Court may "notice.”

. In interpreting a similar statute, federal courts have held that only a jury may impose a life sentence. See United States v. Gullett, 75 F.3d 941, 950 (4th Cir.1996) (the absence of a jury recommendation for a life sentence "disempowered the sentencing judge to choose between a life term and a term of years, so if he used a term of years to impose a life sentence he was evading a limitation on his authority” (quoting United States v. Prevatte, 66 F.3d 840, 843 (7th Cir.1995) (Posner, J., concurring))); United States v. Williams, 775 F.2d 1295, 1299 (5th Cir.1985); United States v. Hansen, 755 F.2d 629, 631 (8th Cir.1985), abrogated on other grounds by United States v. Voss, 787 F.2d 393 (8th Cir.1986).

. The majority affirmatively states that “this Court and the Court of Appeals have used the phrase 'term of life imprisonment’ in at least 233 opinions.” Maj. Op. ¶ 6 n. 3. While it is true that a Westlaw search in Mississippi law for "term of life imprisonment” yields 233 results (opinions and orders), in some of these results, the phrase is found only in the West-law synopsis or in quoting the trial court, defendant, or other cases, and thus is not really "used” by the Courts. And while the term may appear in some opinions in which it *534 is used improperly, the improper use of the word does not change the proper usage of the word "term,"- Moreover, it is noteworthy that when discussing life sentences, this Court and the Court of Appeals appear to'use the word “term” relatively rarely. A Westlaw search of “life imprisonment” yields 2,182 results, “life sentence” yields 1,121 results, "life in prison” yields 537 results, and "sentence of life” yields 1,355 results.

. Not only does the majority’s holding contravene the statute itself, it contravenes the notion that “criminal statutes must be strictly construed in favor of the accused.” Lewis v. State, 765 So.2d 493, 499 (Miss.2000). If there is any ambiguity in the statute, it should be resolved in Bester’s favor.

. For example, the 1977 amendment changed the penalty for statutory rape from death to death or life imprisonment. See Miss.Code Ann. § 97-3-65(1) (Supp.1974); 1977 Miss. Laws Ch. 458, § 7. The 1985 amendment raised the age of the victim for statutory rape, and thereby raised the age to which forcible rape applies, and it also eliminated the gender requirement, allowing victims to be male or female, thus changing the elements of the *536 crime of forcible rape. See 1977 Miss. Laws Ch. 458, § 7; 1985 Miss. Laws Ch. 389, § 3. The 1998 amendment changed the entire statutory rape scheme, including sentencing. It also changed the elements of forcible rape, eliminating the age requirement, and changing the language of "ravish" and “carnal knowledge” to “forcible sexual intercourse” and "sexual intercourse not constituting forcible sexual intercourse or statutory rape.” See 1993 Miss. Laws Ch. 497, § 1; 1998 Miss. Laws Ch. 549, § 2.

. I note that the majority does not bother to address the argument made by amicus that applying any new interpretation of the sentencing provision of the forcible rape statute would violate the prohibition against ex post facto law, notwithstanding the fact that the Court requested this briefing.